Hadi ALSHEWEIKH, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 92–2276.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1992.

Decided April 7, 1993.

Victoria F. Taylor argued, St. Louis, MO, for petitioner.

Karen Fletcher Torstenson, Dept. of Justice, argued, Washington, DC, for respondent.

Before FAGG, Circuit Judge, BRIGHT, Senior Circuit Judge, and HANSEN, Circuit Judge.

FAGG, Circuit Judge.

Hadi Alsheweikh appeals an order of the Board of Immigration Appeals (BIA) denying his request for political asylum. *See* 8 U.S.C. § 1158(a) (1988). Alsheweikh also seeks an order remanding his case to the BIA for consideration of additional evidence supporting his request for political asylum. *See* 28 U.S.C. § 2347(c) (1988). We affirm the BIA's order and deny remand.

Alsheweikh, a Libyan citizen, entered the United States in 1979 as a nonimmigrant college exchange student funded by the Libyan government. Alsheweikh was supposed to return to Libya in 1982. When Alsheweikh remained in the United States, the Immigration and Naturalization Service (INS) began deportation proceedings against him. At his deportation hearing, Alsheweikh admitted deportability, but requested political asylum. Finding the evidence was insufficient to show Alsheweikh had a well-founded fear of political persecution, the immigration judge (IJ) denied Alsheweikh's request for asylum, and the BIA affirmed the IJ's decision. On appeal to this court, Alsheweikh contends the BIA's finding that he lacked a well-founded fear of political persecution is not supported by substantial evidence.

The Attorney General has the discretion to grant asylum to an alien who is unable or unwilling to return home because of a well-founded fear of persecution on account of political opinion. 8 U.S.C. §§ 1158(a), 1101(a)(42)(A) (1988). To prove his fear of persecution was well-founded, Alsheweikh had to show a reasonable person in his position would fear political per-

secution if returned to Libya. *See Behzadpour v. United States,* 946 F.2d 1351, 1352–53 (8th Cir.1991). To overcome the BIA's finding that Alsheweikh lacked a well-founded fear of political persecution, Alsheweikh must show "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias,* —— U.S. ——, ——, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992).

■ We believe a reasonable factfinder could find Alsheweikh lacked a well-founded fear of political persecution. Alsheweikh did not belong to any political organizations in Libya or the United States. Although he performed some anti–Libyan songs in this country, there is no indication the Libyan government has ever learned of his political orientation. When Alsheweikh turned down invitations to participate in pro–Libyan activities, he did not base his refusals on antigovernment sentiments, and the record does not compel a finding that Alsheweikh was considered a political dissident because he refused. Alsheweikh was contacted by the FBI, but there is no indication the Libyan government would punish him for speaking with the FBI. Indeed, Alsheweikh concedes that it is speculative whether the Libyan government knows of his political opinions, his music performances, or his conversations with the FBI. Alsheweikh's father worked for the Libyan government until he retired, and the Libyan government has never disturbed Alsheweikh's parents and siblings except for one brother. Alsheweikh's brother was imprisoned for engaging in prohibited religious activities in Libya, and Alsheweikh has not shown any relationship between his brother's prosecution and his own situation. In sum, the BIA's finding that Alsheweikh lacked a well-founded fear of political persecution is supported by substantial evidence on the record.

Alsheweikh also seeks a remand to the BIA for consideration of additional evidence supporting his claim for asylum. 28 U.S.C. § 2347(c) (1988) (giving court of appeals discretion to order agency to take additional evidence). Before we exercise our discretion under § 2347(c), however, Alsheweikh must show the additional evidence is material and reasonable grounds existed for not presenting the evidence before the BIA. *Id.; Rhoa–Zamora v. INS,* 971 F.2d 26, 35 & n. 9 (7th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1943, 123 L.Ed.2d 649 (1993). Alsheweikh has failed to satisfy either statutory condition.

■ In our view, Alsheweikh's additional evidence is not material to his request for asylum. Unlike Alsheweikh's classmate who was hanged in Libya, Alsheweikh did not participate in a coup attempt to overthrow the Libyan government, and contrary to several Libyans' affidavits suggesting that Alsheweikh may belong to outlawed political organizations, Alsheweikh testified under oath that he did not belong to any political organizations. Although Libyan officials asked a Libyan suspected of antigovernment political activity who he might know in the United States, the Libyan denied knowing Alsheweikh or anything about him. Alsheweikh also presented reports that the Libyan government persecuted political dissidents, but these reports do not establish that Alsheweikh had a well-founded fear of political persecution. At best, Alsheweikh's additional evidence is inconclusive, speculative, or duplicative of evidence he has already presented before the BIA.

■ Even if Alsheweikh's additional evidence were material, Alsheweikh has not shown reasonable grounds for his failure to present the evidence before the BIA. Alsheweikh admits the evidence is not new and was readily available during his deportation proceedings, but contends he did not present the evidence because his accredited representative was ineffective. Alsheweikh's accredited representative died and was replaced by an attorney almost two years before the BIA affirmed the IJ's decision. Thus, Alsheweikh had nearly two years to ask the BIA to reopen the proceedings for consideration of the additional evidence, and his failure to present the evidence before the agency was unreasonable.

*See Fleurinor v. INS,* 585 F.2d 129, 133 (5th Cir.1978) (waiting almost two years before mentioning readily available evidence raises an inference of dilatory tactics).

We thus affirm the BIA's order and deny remand. We also decline to consider Alsheweikh's application for reinstatement of time voluntarily to depart. Alsheweikh may request this relief from the INS.