**Adel Fares Estafanous YACOUB,
Petitioner,**

v.

**IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.**

No. 93–1201.

United States Court of Appeals,
Eighth Circuit.

Submitted July 27, 1993.

Decided Aug. 3, 1993.

Joseph Lopez Wilson, Omaha, NE, for petitioner.

Philemina McNeill Jones, Washington, DC (Stuart E. Schiffer, Robert Kendall, Jr. and Philemina McNeill Jones, on the brief), for respondent.

Before FAGG, BOWMAN, and LOKEN, Circuit Judges.

PER CURIAM.

Adel Fares Estafanous Yacoub appeals an order of the Board of Immigration Appeals (BIA) denying Yacoub asylum and withholding of deportation. *See* 8 U.S.C. §§ 1158(a), 1253(h) (1988). We affirm.

Yacoub, an Egyptian citizen, entered the United States on a nonimmigrant visitor's visa authorizing Yacoub to remain until February 17, 1985. Because Yacoub did not leave the country when his visa expired, the INS began deportation proceedings against him. Yacoub admitted he was deportable as an alien who had overstayed his authorized time in the United States but applied for asylum because he feared religious persecution in Egypt. After a hearing, the immigration judge (IJ) found Yacoub was not eligible for either asylum or withholding of deportation because Yacoub did not show specific credible facts to support a finding Yacoub was persecuted as a Christian in Egypt, or meet his burden of proof to establish a well-founded fear or clear probability of persecution. Yacoub appealed the IJ's decision, and the BIA agreed with the IJ and dismissed the appeal.

■ The Attorney General has discretion to grant asylum to an alien who is unwilling to return home because of "a well-founded fear of persecution on account of … religion." 8 U.S.C. § 1101(a)(42)(A) (1988); *see id.* § 1158(a); *Behzadpour v. United States,* 946 F.2d 1351, 1352 (8th Cir.1991). Under this statutory standard, Yacoub had to show a reasonable person in his position would fear religious persecution if returned to Egypt. *Alsheweikh v. INS,* 990 F.2d 1025, 1026–27 (8th Cir.1993). "To overcome the BIA's finding that [Yacoub] lacked a well-founded fear of [religious] persecution, [Yacoub] must show 'the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution.'" *Id.* at 1027 (quoting *INS v. Elias–Zacarias,* —— U.S. ——, ——, 112 S.Ct. 812, 817, 117 L.Ed.2d 38 (1992)). We uphold the BIA's finding if "'supported by reasonable, substantial, and probative evidence on the record considered as a whole.'" *Elias–Zacarias,* —— U.S. at ——, 112 S.Ct. at 815 (quoting 8 U.S.C. § 1105a(a)(4) (1988)).

■ Here, a reasonable factfinder would not be compelled to find Yacoub has a well-founded fear of religious persecution. *See id.* at —— n. 1, 112 S.Ct. at 815 n. 1. Yacoub has not shown the Egyptian government persecuted him or is unable to control the Muslim majority. *See Arteaga v. INS,* 836 F.2d 1227, 1231 (9th Cir.1988). The record shows that neither Yacoub nor any member of his family was ever arrested in Egypt,

Yacoub was employed, and Yacoub taught Christian classes until he left Egypt. The IJ and the BIA considered a State Department Bureau of Human Rights and Humanitarian Affairs decision asserting there was no systematic official discrimination against Christians in Egypt, and that the situation had improved since outbreaks of religious violence in the early 1980s. In sum, the BIA's finding that Yacoub lacked a well-founded fear of religious persecution is supported by substantial evidence on the record.

■ The Attorney General must withhold deportation if Yacoub's "life or freedom would be threatened [in Egypt] on account of ... religion." 8 U.S.C. § 1253(h)(1) (1988). Yacoub must show persecution on religious grounds is "more likely than not" if he is returned to Egypt. *INS v. Stevic,* 467 U.S. 407, 424, 104 S.Ct. 2489, 2498, 81 L.Ed.2d 321 (1984). This standard is more difficult to meet than the "well-founded fear" standard for asylum. *Behzadpour,* 946 F.2d at 1354; *see also INS v. Cardoza–Fonseca,* 480 U.S. 421, 430–31, 107 S.Ct. 1207, 1212, 94 L.Ed.2d 434 (1987). Because Yacoub failed to show he is eligible for asylum, he also failed to show he is eligible for withholding of deportation. *See Behzadpour,* 946 F.2d at 1354.

Accordingly, we affirm.