5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Mary OSEI; Catherine Osei; Harriet Osei; Mina Osei, Petitioners,
v.
IMMIGRATION and NATURALIZATION SERVICE, Respondent.
 No. 93-1601.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 2, 1993.
Filed: September 9, 1993.
 
 Before FAGG, BOWMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Mary Osei and her daughters, Catherine, Mina, and Harriet Osei (the Oseis), petition for review of an order of the Board of Immigration Appeals (BIA) denying the Oseis political asylum. We dismiss the petition.
 
 
 2
 The Oseis, citizens of Ghana, entered the United States in 1984 as visitors. They did not leave when their visas expired, and the Immigration and Naturalization Service (INS) began deportation proceedings. The Oseis conceded deportability, but sought asylum because Daniel Osei, Mary's past husband and Catherine, Mina, and Harriet's father, was formerly a politician. The immigration judge (IJ) ruled the Oseis failed to establish they were eligible for asylum, but granted Catherine, Mina, and Harriet leave to depart voluntarily. The BIA dismissed the Oseis' appeals, holding they failed to show either past persecution or a well-founded fear of future persecution in Ghana. The BIA also permitted Catherine, Mina, and Harriet to depart voluntarily.
 
 
 3
 The Attorney General may grant asylum to an alien who is unwilling to return home because of persecution or a well-founded fear of persecution on account of political opinion. 8 U.S.C. Secs. 1158(a), 1101(a)(42)(A) (1988). We must uphold the BIA's decision that the Oseis are ineligible for asylum if " 'supported by reasonable, substantial, and probative evidence on the record considered as a whole.' " INS v. Elias-Zacarias, 112 S. Ct. 812, 815 (1992) (quoting 8 U.S.C. Sec. 1105a(a)(4) (1988)). We can reverse the BIA only if the Oseis' evidence was so compelling that a reasonable factfinder would have to find the Oseis were persecuted or possess a well-founded fear of future persecution in Ghana on account of political opinion. See id.; Alsheweikh v. INS, 990 F.2d 1025, 1026-27 (1993).
 
 
 4
 A reasonable factfinder would not have to find that the Oseis were persecuted in Ghana or that they possess a well-founded fear of political persecution if returned to Ghana. The Oseis could not offer any reason why soldiers twice ordered the Oseis to leave their home in Ghana in 1978 and 1979 or once stopped them in a Ghanese market in 1980 to search their belongings. See Behzadpour v. United States, 946 F.2d 1351, 1353 (8th Cir. 1991) (political asylum applicant must show persecution is based on political opinion). The Oseis admitted they have not been politically active in Ghana or the United States. As for their relationship to Daniel Osei, the Oseis had no contact with him after 1980, Daniel and Mary divorced in 1984, Daniel remarried, and he died in 1987. Daniel's other wives and children who still reside in Ghana have not been persecuted, and Mary admitted the government did not persecute wives and children of former politicians. The Oseis have presented no evidence supporting their argument that they will be persecuted because of their lengthy residence in the United States. In sum, the Oseis have not shown any reason why the Ghanese government would want to persecute them.
 
 
 5
 Accordingly, the petition for review is dismissed.