# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3342

_____

Viktor Valioukevitch,            *
                                     *

        Petitioner,       *
                                     * Petition for Review of

        v.               * an Order of the Immigration
                                     * and Naturalization Service.

Immigration and Naturalization Service,  *
                                     *

        Respondent.     *

_____

Submitted:  April 12, 2001
Filed:   May 25, 2001

_____

Before HANSEN, MAGILL, and MURPHY, Circuit Judges.

_____

MAGILL, Circuit Judge.

Viktor Valioukevitch appeals an order of the Board of Immigration Appeals (the "BIA") denying him asylum and withholding of deportation. We affirm.

## I.

Valioukevitch, a citizen of Belarus, entered the United States on March 31, 1994, on a nonimmigrant visitor visa. Valioukevitch overstayed his visa, and in October 1997, the INS served him with a Notice to Appear, thereby placing him in removal proceedings. Valioukevitch conceded his removability as an alien who had

overstayed his authorized time in the United States, but applied for asylum and withholding of removal, based on his assertion that he feared religious persecution in Belarus.[1] After a hearing, the immigration judge (IJ) found Valioukevitch was not eligible for either asylum or withholding of removal, because the assaults Valioukevitch allegedly suffered in Belarus were not a result of his religious beliefs, were not sanctioned by the government or organized groups, and did not rise to the level of persecution. Valioukevitch filed a timely appeal with the BIA, which agreed with the IJ and dismissed Valioukevitch's appeal.

## II.

The Attorney General has discretion to grant asylum to an alien who is unwilling to return home because of a "well-founded fear of persecution on account of . . . religion." 8 U.S.C. § 1101(a)(42) (2000); see id., § 1158(a). Under this statutory standard, Valioukevitch was required to show that a reasonable person in his position would fear religious persecution if returned to Belarus. See Alsheweikh v. INS, 990 F.2d 1025, 1026-27 (8th Cir. 1993). To be granted asylum for religious persecution, the harm Valioukevitch endured must have been inflicted either by the government of Belarus or by persons or an organization that the government was unwilling or unable to control. See Miranda v. INS, 139 F.3d 624, 627 (8th Cir. 1998).

To overcome the BIA's finding that Valioukevitch lacked a well-founded fear of persecution, Valioukevitch must show that the evidence he presented was so compelling that no reasonable fact finder could fail to find the requisite fear of

---

[1]Valioukevitch became a member of the Baptist church in 1990, when he was fifteen years old. The Baptist faith required Valioukevitch to proselytize to the Belarussian public, which is largely Russian Orthodox or Catholic. Valioukevitch asserts that he was attacked and subjected to name-calling by numerous individuals as a result of his proselytizing attempts.

persecution. See Kratchmarov v. Heston, 172 F.3d 551, 554 (8th Cir. 1999). We uphold the BIA's decision if it was supported by reasonable, substantial, and probative evidence, based on the record considered as a whole. Id.

We conclude that a reasonable fact finder would not be compelled to find that Valioukevitch has a well-founded fear of persecution. See Yacoub v. INS, 999 F.2d 1296, 1297 (8th Cir. 1993). Valioukevitch has not shown that the Belarussian government either persecuted him or is unwilling or unable to control the Orthodox Christian majority. None of the incidents cited by Valioukevitch occurred with the imprimatur of Belarussian officials; in fact, Valioukevitch's own affidavit in support of his asylum application states that the principal of his school in Belarus expelled several students who targeted Valioukevitch for abuse based on his religion. The IJ and BIA considered State Department reports indicating that the Belarussian government respects its constitution's guarantee of religious freedom, and that citizens of Belarus are not prohibited from proselytizing. In sum, the BIA's finding that Valioukevitch lacked a well-founded fear of religious persecution is supported by substantial evidence on the record considered as a whole.

Valioukevitch's claim that the BIA erred in failing to withhold deportation must also fail. "The standard for withholding of deportation requires applicants to show a 'clear probability' that they will face persecution in the country to which they will be deported." Kratchmanov, 172 F.3d at 555. This "clear probability" standard is more difficult to meet than the "well-founded fear" standard for asylum. Id. As we have found that substantial evidence supports the denial of asylum, we also affirm the BIA's denial of withholding of deportation. See id.

III.

Because Valioukevitch failed to show that he is eligible for either asylum or withholding of deportation, we hereby AFFIRM.

-3-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.