# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3845

_____

Svetlana Ivanovna Novosad; Sergei    *
Sergevich Novosad; Volodomir    *
Sergeivich Novosad; Maria Sergeivina    *
Novosad,    *
   *
        Petitioners,    *
   *   Petition for Review of an
    v.    *   Order of the Board of
   *   Immigration Appeals.
Alberto Gonzales,[1] Attorney General    *
of the United States,    *      [UNPUBLISHED]
   *
        Respondent.    *

_____

Submitted: April 7, 2005
Filed: April 14, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Ukranian citizens Svetlana Novosad (Svetlana), her husband Sergei Novosad (Sergei), and their children (collectively, the Novosads) petition for review of an order of the Board of Immigration Appeals (BIA), which affirmed without opinion

---

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c).

an Immigration Judge's (IJ) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).[2] Sergei also petitions for review of the IJ's denial of voluntary departure.

After careful review of the record, we conclude that the IJ's decision is supported by substantial evidence on the record as a whole. See Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (standard of review). The IJ found the Novosads failed to show past persecution based on their Catholic religion because they had not shown that two unknown men who attacked Svetlana in July 1992 were affiliated with the Ukranian government or that the government was unwilling or unable to control the men. See Valioukevitch v. INS, 251 F.3d 747, 749 (8th Cir. 2001) (harm endured must have been inflicted either by government or by persons or organization that government was unwilling or unable to control). The IJ also found that the Novosads failed to show a well-founded fear of future persecution based on the following facts: the State Department's country information indicated that since the fall of the Soviet regime in 1991, Ukrainians enjoyed religious freedom; Sergei returned to Ukraine after traveling to the United States in 1990 and 1992, and Svetlana returned after traveling to Poland in 1991; Sergei visited Ukraine in 1997 without incident; and the Novosads' extended family, who are also Catholic, continued to reside in Ukraine apparently unharmed. See Kharkhan v. Ashcroft, 336 F.3d 601, 605 (7th Cir. 2003) (alien did not have well-founded fear of persecution on account of being member of Ukrainian Catholic Church because "fundamental political changes" had occurred in Ukraine since 1991); Francois v. INS, 283 F.3d 926, 932 (8th Cir. 2002) (no well-founded fear finding bolstered by fact that family continued to live in alien's home country unmolested by government); Bereza v. INS, 115 F.3d 468, 473-74 (7th Cir. 1997) (asylum applicant's inability to practice his

_____

[2]The IJ's decision, therefore, constitutes the final agency determination for purposes of judicial review. See Dominguez v. Ashcroft, 336 F.3d 678, 679 n.1 (8th Cir. 2003).

religion before Ukrainian independence in 1991 was "too mild to provide a compelling reason" for being unwilling to return to Ukraine, especially "where Greek Catholicism is now one of the dominant religions").

In addition, because the Novosads failed to meet the burden of proof on their asylum claim, their application for withholding of removal necessarily fails as well, see Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (withholding-of-removal standard is more rigorous than asylum standard); we see no basis in the record for relief under the CAT, see Habtemicael v. Ashcroft, 370 F.3d 774, 780-82 (8th Cir. 2004) (requirements for CAT relief); and we lack jurisdiction to review the denial of Sergei's request for voluntary departure, see 8 U.S.C. §§ 1229c(f) (no court shall have jurisdiction over appeal from denial of voluntary departure), 1252(a)(2)(B)(i) (no court shall have jurisdiction to review "any judgment" regarding grant of voluntary departure relief).

Accordingly, we deny the petition. Svetlana and the Novosad children moved for a stay of removal before their voluntary departure period expired, and we therefore deem the grant of their unopposed motion for a stay to include also a stay of their voluntary departure period. See Rife v. Ashcroft, 374 F.3d 606, 616 (8th Cir. 2004).

_____