# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2340

_____

Vadim Vitalevich Suprun,                    *
                                            *
            Petitioner,                     *
                                            *
      v.                                    *   Petition of Review from the Board
                                            *   of Immigration Appeals.
Alberto Gonzales, Attorney General          *
of the United States of America,            *
                                            *
            Respondent.                      *

_____

Submitted: March 16, 2006
Filed: April 5, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Vadim Vitalevich Suprun challenges a final order of the Board of Immigration Appeals (BIA) affirming a departure order. Having jurisdiction under 8 U.S.C. § 1252(b), this court affirms.

I.

Suprun, a Russian citizen, stayed in the United States beyond his authorized date as a "visitor for pleasure." The then-Immigration and Naturalization Service started removal proceedings. Suprun countered by requesting asylum, withholding

of removal, and protection under the Convention Against Torture based on alleged past persecution for being Jewish.

He asserted several incidents of past persecution beginning when he was a young boy in the Soviet Union during the 1970s. In school, he was often called anti-Semitic names and was once assaulted by another student. At college, he continued to suffer some verbal ridicule, and students destroyed his artwork. In 1980, his father's tombstone was destroyed. During military service, he continued to be called anti-Semitic names and was involved in a fight with another solider.

In 1995, someone broke into Suprun's art studio and vandalized it with anti-Semtic graffiti, such as writing "Go to Israel" on his drawing paper. His studio was again vandalized in 1997, this time with a Star of David drawn on the door and the words "Go to Israel" written near it. The next year, a man came to the door of his studio asking for him. When Suprun appeared, the man punched him in the stomach, asking: "[F]or whom are you working Jewish man?" After the beating, two friends took him to an emergency room.

Suprun's studio was vandalized a third time in 1999, with another Star of David drawn on the door. He reported the incident to the Russian Ministry of Justice, and left for the United States two weeks later.

## II.

This court reviews the BIA's factual determinations for substantial evidence, and its decision is upheld unless any reasonable fact-finder would be compelled to conclude otherwise. *See **Mamana v. Gonzales***, 436 F.3d 966, 968 (8th Cir. 2006). The Attorney General has discretion to grant asylum to an alien who is unwilling to return to his home country because of "(1) past persecution or (2) a well-founded fear of persecution on account of race, religion, nationality, membership in a particular

social group, or political opinion." **8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)**. Persecution means "a threat to one's life or freedom on account of one of [these] five protected grounds." *Eta-Ndu v. Gonzales*, 411 F.3d 977, 983 (8th Cir. 2005), *quoting Fisher v. INS*, 291 F.3d 491, 497 (8th Cir. 2002). "The BIA has adopted, and we have approved as reasonable, a definition of 'persecution' that requires a harm to be 'inflicted either by the government of [a country] or by persons or an organization that the government was unable or unwilling to control." *Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005), *quoting Valioukevitch v. INS*, 251 F.3d 747, 749 (8th Cir. 2001).

Suprun did not establish past persecution. Most of the incidents he describes do not involve threats to his life or freedom, but only name-calling. *See Kondakova v. Ashcroft*, 383 F.3d 792, 797 (8th Cir. 2004) ("Slurs and harassment do not constitute persecution."), *citing Fisher*, 291 F.3d at 497. He was not present when his studio was vandalized and never attacked at his own apartment. *See* **In re *O-Z- & I-Z-***, 22 I. & N. Dec. 23, 25–26 (B.I.A. 1998) (Jewish Ukrainian asylum seeker's apartment vandalized); *cf. Alyas v. Gonzales*, 419 F.3d 756, 761 (8th Cir. 2005) (alien whose store was vandalized denied asylum because court "recognized that harassment by private citizens does not rise to the level of persecution required for asylum eligibility"). The two physical fights he details – the first in the early 1980s and the second in 1998 – do not establish past persecution because racial slurs alone are not enough "to establish a nexus between the attacks and a protected ground." *Ming Ming Wijono v. Gonzales*, 439 F.3d 868, 873 (8th Cir. 2006), *citing Lie v. Ashcroft*, 396 F.3d 530, 535–36 (3d Cir. 2005); *Halim v. Ashcroft*, 109 Fed. Appx. 164, 165–66 (9th Cir. 2004); *see also Setiadi v. Gonzales*, 437 F.3d 710, 713 (8th Cir. 2006) ("Even minor beatings or limited detentions do not usually rise to the level of past persecution."). At most, he shows several periodic incidents of harassment which do not rise to the level of past persecution. *See Salkeld v. Gonzales*, 420 F.3d 804, 809 (8th Cir. 2005) (violence was "relatively sporadic" and thus did not "rise to the level

of persecution"); ***Zakirov v. Ashcroft***, 384 F.3d 541, 546 (8th Cir. 2004) ("Low-level intimidation and harassment alone do not rise to level of persecution.").

Suprun argues that because the question of whether a government is "unable or unwilling to control" private actors is a factual determination, this court must remand to the BIA and allow it to make specific findings. *See **Menjivar***, 416 F.3d at 921. However, the asylum seeker bears the burden to demonstrate this unwillingness or helplessness by the government. *See **id***. In his brief, Suprun alleges only one time when he contacted authorities: when he complained to the Ministry of Justice only two weeks before he left Russia. In his testimony before the IJ, Suprun indicates he made another complaint – this time to a police officer in the street – after his studio was broken into in 1997. The policeman told him he needed to go to the district police office to make a report, but it is unclear whether he ever did so. Even accepting his claims as true, Suprun has not provided any evidence that would compel a reasonable fact-finder to conclude that the government was unable or unwilling to control these private actors. *See **id***.

Because Suprun did not suffer past persecution, he is not entitled to a rebuttable presumption of future persecution. *See **Reyes-Morales v. Gonzales***, 435 F.3d 937, 941 (8th Cir. 2006). "In order to prove a well-founded fear of future persecution, an alien must show both that he actually fears persecution and that a 'reasonable person in the alien's position would fear persecution if returned to the alien's native country.'" ***Berte v. Ashcroft***, 396 F.3d 993, 996 (8th Cir. 2005), *quoting **Regalado-Garcia v. INS***, 305 F.3d 784, 788 (8th Cir. 2002). An applicant must establish this well-founded fear with "credible, direct, and specific evidence." ***Eta-Ndu***, 411 F.3d at 984, *quoting **Shoaira v. Ashcroft***, 377 F.3d 837, 844 (8th Cir. 2004).

Suprun has not provided any credible, direct and specific evidence that demonstrates a well-founded fear of future persecution. As explained, the harassment in the past by private individuals does not rise to the level of persecution, so neither

-4-

would its sporadic continuance in the future.  Moreover, his family members continue to live in Russia without incident.  *See **Ming Ming Wijono***, 439 F.3d at 873.  Additionally, the BIA found that "President Putin and top Kremlin officials have spoken out against anti-Semitism."  Thus, a reasonable person would not fear persecution if returned to Russia.

The BIA's determination that Suprun is not eligible for asylum is supported by substantial evidence.  Because he fails to meet the lesser burden of proving eligibility for asylum, he also fails to prove a right to withholding of deportation.  *See **Fisher***, 291 F.3d at 498.  Finally, Suprun is not eligible for relief under the Convention Against Torture because he cannot show that it is more likely than not that he will be tortured if removed to Russia. *See **Ibrahim v. Gonzales***, 434 F.3d 1074, 1080 (8th Cir. 2006).

III.

The judgment of the BIA is affirmed.

_____