# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2573

_____

| | | |
|---|---|---|
| Stevianus Siswanto, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | Petition of Review from the Board |
| | * | of Immigration Appeals. |
| Alberto Gonzales, Attorney General | * | |
| of the United States of America, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: March 16, 2006
Filed:  May 1, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Stevianus Siswanto, an Indonesian citizen of Chinese ethnicity and Christian faith, was admitted into the United States as a non-immigrant student with an F-1 visa. The then-Immigration and Naturalization Service began removal proceedings. Siswanto admitted that he was no longer a student and conceded removability. However, he sought asylum, withholding of removal, and protection under the Convention Against Torture (CAT).  The Immigration Judge (IJ) and Board of Immigration Appeals (BIA) denied relief, finding that Siswanto did not meet his burden of proof.  Having jurisdiction under 8 U.S.C. § 1252, this court affirms.

Siswanto asserts he suffered persecution in Indonesia because he is Christian and of Chinese ancestry. Examples of persecution include an attack in 1996 on him and his friends by students from a rival, largely Muslim public high school, and an attack in 1999, where he was robbed, punched, threatened, and forced to charge $2,000 on his credit card. In addition, Siswanto claims that he and his mother were forced to bribe the police for protection and to stay out of jail. His church also has to pay police for protection, due to fear that native Indonesians would destroy and burn their building. Siswanto claims that he is easily distinguishable as a non-native Indonesian because of his appearance and the fact that his religion is listed as "Christian" on his identification card.

The BIA summarily affirmed the IJ's decision, which is treated as the final agency decision reviewed by this Court. *See Melecio-Saquil v. Ashcroft*, 337 F.3d 983, 986 (8th Cir. 2003). This court reviews factual determinations for substantial evidence, and the decision is upheld unless any reasonable fact-finder would be compelled to conclude otherwise. *See Suprun v. Gonzales,* No. 05-2340, 2006 WL 860682, at *2 (8th Cir. April 5, 2006); *Turay v. Ashcroft*, 405 F.3d 663, 666, 668 (8th Cir. 2005). The Attorney General has discretion to grant asylum to an alien who is unwilling to return to his home country because of "(1) past persecution or (2) a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1).** Persecution is "a threat to one's life or freedom on account of one of [these] five protected grounds." *Eta-Ndu v. Gonzales*, 411 F.3d 977, 983 (8th Cir. 2005), *quoting Fisher v. INS*, 291 F.3d 491, 497 (8th Cir. 2002). "The BIA has adopted, and we have approved as reasonable, a definition of 'persecution' that requires a harm to be 'inflicted either by the government of [a country] or by persons or an organization that the government was unable or unwilling to control." *Menjivar v. Gonzales*, 416 F.3d 918, 921 (8th Cir. 2005), *quoting Valioukevitch v. INS*, 251 F.3d 747, 749 (8th Cir. 2001).

Although the IJ found Siswanto generally credible, he did not establish sufficient past persecution in order to qualify for asylum. Most incidents he describes – including the 1996 school attack – are not threats to his life or freedom, but rather are harassment. *See* **Kondakova v. Ashcroft**, 383 F.3d 792, 797 (8th Cir. 2004) ("Slurs and harassment do not constitute persecution."), *citing* **Fisher**, 291 F.3d at 497. The only time he says his life was in danger was when he was punched and robbed in 1999. The IJ concludes that this single incident "is not in and of itself sufficient to trigger a finding of past persecution." Although some attackers made anti-Chinese statements, this alone does not establish a nexus between the attack and a protected ground. *See* **Ming Ming Wijono v. Gonzales**, 439 F.3d 868, 873 (8th Cir. 2006), *citing* **Lie v. Ashcroft**, 396 F.3d 530, 535-36 (3d Cir. 2005) (ethnic slurs made during robberies of Chinese Christians in Indonesia were not sufficient to conclude the intrusions were on account of ethnicity). As the IJ finds, the 1999 incident could have been based on criminal intent, rather than ethnic or religious bias. *See* **Wijono**, 439 F.3d at 873.

The harassment Siswanto experienced was sporadic and did not rise to the level of persecution necessary to establish past persecution. *See* **Setiadi v. Gonzales**, 437 F.3d 710, 713 (8th Cir. 2006) ("Even minor beatings or limited detentions do not usually rise to the level of past persecution."); **Zakirov v. Ashcroft**, 384 F.3d 541, 546 (8th Cir. 2004) ("Low-level intimidation and harassment alone do not rise to the level of persecution."). In fact, his mother and brother continue to live in Indonesia without incident and attend church there.[1] "The reasonableness of a fear of persecution is diminished when family members remain in the native country unharmed, and the applicant himself had not been singled out for abuse." **Krasnopivtsev v. Ashcroft**, 382 F.3d 832, 839 (8th Cir. 2004).

---

[1]Siswanto also emphasizes the robbery of his mother in 1997, reported to the police without resolution. The IJ did not err in finding that this incident is not a case of past persecution because it was a robbery typical of a lot of criminal activity in Indonesia.

To establish a well-founded fear of future persecution, the alien must show that "he subjectively fears persecution, and that there is credible, direct, and specific evidence that a reasonable person in the alien's position would fear persecution if returned to the alien's native country." *Mamana v. Gonzales*, 436 F.3d 966, 968 (8th Cir. 2006). The subjective element may be proven by credible testimony that the applicant genuinely fears persecution. *Shoaira v. Ashcroft*, 377 F.3d 837, 844 (8th Cir. 2004), *citing Ghasemimehr v. INS*, 7 F.3d 1389, 1390 (8th Cir. 1993). Siswanto claims he has also presented objective evidence that his race and religion make it more likely than not that he will suffer persecution if returned to Indonesia. A petitioner can meet the statutory burden of proving a clear probability of future persecution by offering compelling evidence of past persecution. *See* **8 C.F.R. § 1208.16(b)(1)(i)**. This kind of evidence creates a presumption that removal to the country where persecution was previously inflicted will result in a threat to the petitioner's life or freedom when returned. *Id.* The government can rebut this presumption by establishing a "fundamental change in circumstances such that the applicant's life would not be threatened... upon removal to that country." *Id.* **§ 1208.16(b)(1)(i)(A)**. Because Siswanto did not prove past persecution, he does not receive the presumption of future persecution in this case. *See Francois v. INS*, 283 F.3d 926, 930 (8th Cir. 2002); *see also* **8 C.F.R. § 208.13(b)(1)**.

Even so, Siswanto contends that he has demonstrated future persecution by showing a **"pattern or practice" of persecution against ethnic-Chinese Christians in Indonesia**. *See* **8 C.F.R. § 1208.13(b)(2)(iii)(A)**. To find a pattern or practice of persecution, the petitioner must demonstrate **"organized or systematic or pervasive persecution."** *Ahmadshah v. Ashcroft*, 396 F.3d 917, 921 (8th Cir. 2005), *quoting Makonnen v. INS*, 44 F.3d 1378, 1383 (8th Cir. 1995). Although Chinese Christians living in Indonesia have experienced violence and discrimination in the past, the IJ notes that racially motivated attacks against Chinese Indonesians have dropped sharply since mid-1998 and "there is every indication that conditions have improved substantially since then." *See Wijono*, 439 F.3d at 874 (attacks against Christian Indonesians are perpetrated by groups of extremist Muslims, and persecution appears

-4-

to be inflicted by fellow citizens and not the result of governmental inaction or acquiescence). In making this determination, the IJ relies on the U.S. State Department's 2003 Country Report on Human Rights Practices in Indonesia, which reports a sharp decline in violence against Chinese Christians in Indonesia since the 1998 riots. *See Perinpanathan v. INS*, 310 F.3d 594, 599 n.1 (8th Cir. 2002); *Meas v. Aschroft*, 363 F.3d 729, 730 (8th Cir. 2004) (State Department reports are persuasive authority for determining whether asylum seeker has well-founded fear of future persecution). Given these changed circumstances, Siswanto did not prove that he will suffer persecution if returned to Indonesia.

Additionally, Siswanto argues that he is eligible for withholding of removal. Because Siswanto fails to establish eligibility for asylum, he cannot meet the standard for withholding of removal. *See Ngure v. Ashcroft*, 367 F.3d 975, 992 (8th Cir. 2004); *Prokopenko v. Ashcroft*, 372 F.3d 941, 944 (8th Cir. 2004).

Siswanto also seeks relief under Article 3 of the CAT. An alien is eligible for relief under the CAT by proving "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." **8 C.F.R. § 208.16(c)(2).** Torture is defined as an extreme form of cruel and inhuman treatment intentionally inflicted by or with the acquiescence of a person acting in an official capacity. *Id.* § **208.18(a)(1), (2).** Review of a denial of relief under the CAT is "whether the evidence was so compelling that a reasonable factfinder must have found the alien entitled to relief." *Sheikh v. Gonzales*, 427 F.3d 1077, 1082 (8th Cir. 2005), *quoting Ngure,* 367 F.3d at 992.

Siswanto asserts that the IJ should have analyzed his request for relief under the CAT independently of his asylum and withholding claims. However, independent analysis is required only "when there is evidence that the alien might be tortured for reasons unrelated to [the alien's] claim for asylum and withholding of removal." *Alemu v. Gonzales*, 403 F.3d 572, 576 (8th Cir. 2005); *See Ibrahim v. Gonzales*, 434 F.3d 1074, 1080 (8th Cir. 2006). Here, Siswanto relies on the same evidence to prove

a likelihood of torture as invoked to prove a likelihood of persecution. Therefore, the IJ's rejection of his claims for asylum and withholding of removal warrants denial of relief under the CAT. *See **Madjakpor v. Gonzales***, 406 F.3d 1040, 1046 (8th Cir. 2005).

The judgment of the BIA is affirmed.

_____