# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1950

_____

|  |  |  |
|---|---|---|
| Ingrid Poerwantini, | * | |
| Parlindungan Simbolon, | * | |
| | * | |
| Petitioners, | * | Petition for Review of |
| | * | an Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Alberto Gonzales, Attorney General | * | [UNPUBLISHED] |
| of the United States of America, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: January 12, 2007
Filed: February 23, 2007

_____

Before COLLOTON, BRIGHT, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Ingrid Poerwantini and her husband, Parlindungan Simbolon, both practicing Seventh Day Adventists and natives of Indonesia, petition for review of an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") denial of their asylum applications. Here, they argue that the analysis section of the IJ's order misstated facts relevant to their claims and failed to analyze other evidence, and therefore the denial of relief was not supported by substantial evidence in the record. They further suggest that their testimony and evidence supports the conclusion that Indonesian Christians, and specifically members of their families,

have suffered persecution that the state cannot, or will not, prevent. On review of the record, we affirm the denial of relief to the petitioners.

## I. Discussion

"The Attorney General has discretion to grant asylum to a refugee, defined as an alien who is unable or unwilling to return to her home country because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group or political opinion." Onsongo v. Gonzales, 457 F.3d 849, 852 (8th Cir. 2006). We review the BIA's factual conclusions, including whether an alien suffered past persecution, for substantial evidence and will uphold the decision unless "any reasonable fact-finder would be compelled to conclude otherwise." Suprun v. Gonzales, 442 F.3d 1078, 1080 (8th Cir. 2006).

In this case the BIA affirmed the IJ's order after observing that "the incidents identified by the respondents, apparently random in nature and occurring over a period of years, are more appropriately characterized as harassment or discrimination and not such to rise to the level of persecution." We review this conclusion, "including the IJ's findings and reasoning to the extent they were expressly adopted." See Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006); see also Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006) ("When the BIA adopts the IJ's decision, but adds reasoning of its own, we review both decisions."); Falaja v. Gonzales, 418 F.3d 889, 894 (8th Cir. 2005). To the extent that the IJ's analysis misstated or failed to incorporate facts included in the "Evidence Presented" section of the order, any error is harmless because we will review directly whether substantial evidence in the record supports the legal determination of the BIA. See Reyes-Morales v. Gonzales, 435 F.3d 937, 943 (8th Cir. 2006).

We determine that the BIA's conclusion is supported by substantial evidence. The BIA found that the incidences of violence recounted by Poerwantini and Simbolon did not rise to the level of past persecution. They testified that, among other events: Poerwantini's brother and wife were abducted and allegedly killed after attending a pro-Christian rally; individuals including Indonesian Marines attacked Simbolon's Adventist University dormitory; Muslims beat Simbolon when he was returning from church; Poerwantini was wounded during rioting at her Adventist school; and Muslims sexually harassed and touched Poerwantini while she traveled to or from her work at an Adventist hospital. But only minor injuries were suffered by Poerwantini and Simbolon, and they failed to show that any acts of violence were attributable to the government. See, e.g., Vonhm v. Gonzales, 454 F.3d 825, 828 (8th Cir. 2006); Woldemichael v. Ashcroft, 448 F.3d 1000, 1004 (8th Cir. 2006); Suprun, 442 F.3d at 1080-81. Thus the BIA did not err by determining that the events as described by the petitioners did not rise to the level of past persecution.

Finally the BIA also found that, "while the record reflects a degree of social, interethnic and interreligious violence in Indonesia . . . general conditions of unrest alone are insufficient to warrant relief." We have recently reached similar conclusions, observing that general conditions do not warrant asylum or withholding of removal for Indonesian Christians. See, e.g., Tolego v. Gonzales, 452 F.3d 763, 767 (8th Cir. 2006) (finding Chinese Christians living in Indonesia do not suffer pattern or practice of persecution sufficient to justify withholding of removal); Wijono v. Gonzales, 439 F.3d 868, 873-74 (8th Cir. 2006) (same); Setiadi, 437 F.3d at 713 ("While the record does show tension and conflict between Muslims and Christians in Indonesia, that alone is insufficient to show actual past persecution" sufficient to warrant asylum.). The record does not convince us that we should reach a different result in this case.

## II. Conclusion

Accordingly, we deny the petition for review.

_____