# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-3559

_____

Mamed Samedov,                                      *
                                                    *
            Petitioner,                             *
                                                    *    Petition for Review of a
       v.                                           *    Decision of the Board of
                                                    *    Immigration Appeals.
Alberto Gonzales,[1] Attorney General of            *
the United States,                                  *
                                                    *
            Respondent.                             *

_____

Submitted: June 22, 2005
    Filed: September 6, 2005

_____

Before ARNOLD, MCMILLIAN, and COLLOTON, Circuit Judges.

_____

ARNOLD, Circuit Judge.

Mamed Samedov seeks review of an order by the Board of Immigration Appeals, which affirmed, without opinion, the decision of an immigration judge (IJ) that denied Mr. Samedov asylum and withholding of removal. We deny the petition for review.

_____

[1]Alberto Gonzales has been appointed to serve as Attorney General of the United States and is substituted as the respondent pursuant to Fed. R. App. P. 43(c).

## I.

To be eligible for asylum, Mr. Samedov must qualify for refugee status, which requires that he be "unable or unwilling to return to [his] home country 'because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion,' " *Alemu v. Gonzales*, 403 F.3d 572, 574 (8th Cir. 2005) (quoting 8 U.S.C. § 1101(a)(42)(A)); *see also* 8 U.S.C. § 1158(b).

## A.

The first question is whether Mr. Samedov proved that he suffered past persecution on account of one of the above statutorily-protected grounds, which would create a rebuttable presumption in favor of granting him asylum. *See* 8 C.F.R. § 208.13(b)(1). Mr. Samedov maintains that the IJ's finding that he did not suffer such persecution lacks the support of substantial evidence. By statute, the IJ's "findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992).

In Mr. Samedov's testimony before the IJ, he recounted three major incidents in which he was detained and, in one case, injured. To rise to the level of persecution, any abuse that Mr. Samedov experienced must include at least injury or the threat of injury "to one's person or freedom." *See Regalado-Garcia v. INS*, 305 F.3d 784, 787-88 (8th Cir. 2002). Because Mr. Samedov's longest detention was four days, which is too brief to constitute persecution, *see Yang v. Gonzalez*, 413 F.3d 757, 759-60 (8th Cir. 2005), and because none of the incidents involved the threat of injury to Mr. Samedov, the only relevant incident is the one during which he alleges that he was physically injured: This incident occurred when the police stopped Mr. Samedov at the international airport of Baku, Azerbaijan, and asked him for his identification papers, which document his Lezghin ethnicity. According to Mr. Samedov, the police told him that "Lezghins [are] nothing but trouble" and that

the police have to "check all of you [Lezghins]." In response, Mr. Samedov denied any involvement in a Lezghin nationalist organization, Sadval (Unity), which has allegedly engaged in terrorist activities. Mr. Samedov testified that, when the police attempted to remove him from the airport, he resisted and consequently received beatings that broke his left thumb, caused his left hand to bleed, and injured his left arm to such an extent that he did not regain full mobility for one year. After the police temporarily left the room in which he was held, Mr. Samedov said that he escaped with his luggage and boarded his flight to St. Petersburg, Russia, where he sought medical treatment for his wounds.

Although the IJ found Mr. Samedov generally credible, she found incredible his account of the beatings that he suffered, because despite his alleged injuries Mr. Samedov claimed to have fled police detention without detection while carrying his bags. We believe that the IJ provided a cogent reason for her misgivings about Mr. Samedov's account and for her conclusion that he lied. *See Eta-Ndu v. Gonzales*, 411 F.3d 977, 982 (8th Cir. 2005). Thus we hold that Mr. Samedov has failed to demonstrate that the record compels a finding that he suffered persecution during his detention at Baku's airport.

### B.

Though Mr. Samedov failed to establish past persecution, he would still be eligible for asylum if he possessed "a well-founded fear of future persecution." *See* 8 C.F.R. § 208.13(b). A well-founded fear would consist of two elements: a subjective fear of persecution that Mr. Samedov genuinely feels, and a fear of persecution that is objectively reasonable for someone in his position. *See Mohamed v. Ashcroft*, 396 F.3d 999, 1005-06 (8th Cir. 2005). The IJ found the first element lacking and therefore did not address the second. Mr. Samedov argues that the IJ's finding lacks the support of substantial evidence.

In deciding that Mr. Samedov did not genuinely fear persecution, the IJ noted that he had entered and exited the United States several times before finally applying for asylum, that he admitted that he did not intend to apply for asylum when he most recently entered the United States and applied only after speaking to some of his relatives, and that his reason for coming to the United States was to explore business opportunities for the partnership in which he was a partner. Because Mr. Samedov separately testified that he frequently had to pay bribes to police officials who harassed him, the IJ found that Mr. Samedov's real fear was of extortion, not of persecution, should he return to Azerbaijan. Even though alternative inferences that would support the existence of a well-founded fear of persecution could be drawn from the evidence, the evidence does not compel such a conclusion. Therefore, using the deferential standard under which we review the IJ's decision, we affirm her finding that Mr. Samedov did not have a well-founded fear of persecution.

## II.

Mr. Samedov also contests the IJ's denial of his request to withhold removal pursuant to both 8 U.S.C. § 1231(b)(3) and Article 3 of the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. Res. 39/46, U.N. GAOR, 39th Sess., Supp. 51, at 197 (1984) (entered into force for U.S. in 1994, 34 I.L.M. 590, 591 (1995)).

Section 1231(b)(3) is of no help to Mr. Samedov. As in the case of asylum, past persecution on account of a protected ground creates a rebuttable presumption in favor of withholding removal under § 1231(b)(3). *See* 8 C.F.R. § 208.16(b)(1). But we have already concluded that the IJ did not err in holding that Mr. Samedov had not suffered past persecution, so no presumption is created on this record. Mr. Samedov nonetheless could succeed on his application for withholding removal under § 1231(b)(3) if he could show a clear probability of future persecution, *see Eta-Ndu*, 411 F.3d at 986, which means that he must demonstrate that it is more likely than not that he would face persecution if returned to Azerbaijan, *see INS v. Stevic*,

467 U.S. 407, 424, 424 n.19 (1984); 8 C.F.R. § 208.16(b)(2). Since it is less difficult for Mr. Samedov to prove that he has a well-founded fear of persecution than to demonstrate that there is a clear probability of persecution, *see INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-32 (1987); *Hassan v. Ashcroft*, 388 F.3d 661, 667-68 (8th Cir. 2004), however, substantial evidence *a fortiori* supports the IJ's denial of Mr. Samedov's application for withholding removal under § 1231(b)(3).

Finally, Mr. Samedov did not show that he "more likely than not" would be "tortured if removed to [Azerbaijan]," the prerequisite for withholding his removal under Article 3 of the United Nations Convention Against Torture. 8 C.F.R. § 208.16(c)(2). Torture, which is defined as "an extreme form of cruel and inhuman treatment intentionally inflicted by or with the acquiescence of a person acting in an official capacity," *Aden v. Ashcroft*, 396 F.3d 966, 969 (8th Cir. 2005); *see* 8 C.F.R. § 208.18(a), is not coterminous with persecution. Given torture's narrow definition, however, often an alien who cannot show a clear probability of future persecution will not satisfy the equally if not more rigorous standard for relief under Article 3. Therefore, only in limited circumstances, such as when an alien claims that torture would occur for a reason other than one of the statutory grounds giving rise to refugee status, *see, e.g.*, *Habtemicael v. Ashcroft*, 370 F.3d 774, 780-81 (8th Cir. 2004), must an IJ examine a claim for relief under Article 3 separately from claims for asylum and for withholding removal under § 1231(b)(3). *See Aden*, 396 F.3d at 969. This is not such a case because Mr. Samedov does not predict any future acts against him that would qualify as torture even if they failed to be persecution, and therefore the IJ did not err in refusing to withhold removal without any independent consideration of Mr. Samedov's Article 3 claim.

III.

Accordingly, we deny Mr. Samedov's petition for review of the decision of the Board of Immigration Appeals.

_____