# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3604

_____

| | |
|---|---|
| Verri Royke Manitik, also known as Ama Rahmat, | * <br> * <br> * |
| Petitioner, | *    Petition for Review of Order of <br> *    the Board of Immigration Appeals. |
| v. | * <br> *       [UNPUBLISHED] |
| Michael B. Mukasey,[1] Attorney General of the United States, | * <br> * <br> * |
| Respondent. | * |

_____

Submitted: November 12, 2007
Filed: November 19, 2007

_____

Before MELLOY, BEAM, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Verri Royke Manitik (or Ama Rahmat)[2] petitions for review of a final order of the Board of Immigration Appeals (BIA) that dismissed his application for asylum as

_____

[1]Michael Mukasey is substituted as the Attorney General of the United States pursuant to Fed. R. App. P. 43(c)(2).

[2]This case is unique in that the identity of the petitioner is disputed and even today remains uncertain. Whether Manitik is who he claims to be is immaterial to our analysis on appeal.

untimely, and dismissed his claims for withholding of removal and relief under the Convention Against Torture (CAT) on the merits. In so holding, the BIA adopted the Immigration Judge's (IJ) decision but added reasoning of its own. We thus review both decisions. Setiadi v. Gonzales, 437 F.3d 710, 713 (8th Cir. 2006).

First, we lack jurisdiction to review the BIA's dismissal of Manitik's asylum application because Manitik has not demonstrated a satisfactory reason for filing his asylum application outside the time limit. Purwantono v. Gonzales, 498 F.3d 822, 824 (8th Cir. 2007). Accordingly, this claim is dismissed.

We do have jurisdiction, however, to review the BIA's determination that Manitik is ineligible for withholding of removal and relief under the CAT. To be eligible for withholding of removal, an alien must establish that it is more likely than not that he would be persecuted upon return to his native country on account of race, religion, nationality, membership in a particular social group, or political opinion. Id. "The IJ's decision will be upheld unless the evidence on the record considered as a whole compels the conclusion that the alien has established a likelihood of persecution." Id. at 825. We conclude that the IJ reasonably rejected Manitik's claim for withholding of removal for the reasons stated in its well-reasoned oral decision, as analyzed and adopted by the BIA in its order. See 8th Cir. R. 47B.

For the same reason, we affirm the BIA's determination on Manitik's claim for relief under the CAT. To obtain relief under the CAT, an alien must show it is more likely than not that he would be tortured if returned to his native country. 8 C.F.R. § 208.16(c)(2). "Torture is 'an extreme form of cruel and inhuman treatment intentionally inflicted by or with the acquiescence of a person acting in an official capacity.'" Purwantono, 498 F.3d at 826 (quoting Samedov v. Gonzales, 422 F.3d 704, 708 (8th Cir. 2005)). Here, again, the IJ's oral decision and the BIA's order are supported by substantial evidence on the record as a whole and require no further discussion. See 8th Cir. R. 47B.

For the foregoing reasons, the petition for review on Manitik's claims for withholding of removal and relief under the CAT are denied.

_____