# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-3716

_____

Ying Ying Chen,                        *
                                       *
                Petitioner,            *
                                       *    Petition for Review of a
        v.                             *    Final Decision of the Board
                                       *    of Immigration Appeals.
Michael B. Mukasey, Attorney General   *
of the United States,                  *        [UNPUBLISHED]
                                       *
                Respondent.            *

_____

Submitted: November 12, 2007
Filed:  November 27, 2007

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Ying Ying Chen, a native of Burma, petitions for review of an order of removal by the Board of Immigration Appeals (BIA). After applying for asylum, Chen, before the immigration judge (IJ), withdrew her application and waived her right to appeal in exchange for the maximum amount of time for voluntary departure. Chen filed an appeal with the BIA, claiming the withdrawal of her application was not a knowing and willful one because of problems with her interpreter. The BIA determined it lacked jurisdiction because Chen had waived her right to appeal. We hold that we lack jurisdiction. Therefore, we deny Chen's petition for review.

Chen, a native of Burma and a citizen of China, entered the United States on August 13, 2001, as a non-immigrant visitor. On July 3, 2002, Chen applied for asylum and/or withholding of removal and protection under the Convention Against Torture (CAT). Chen appeared for a hearing before an Asylum Officer on November 17, 2003, and Chen's petition was administratively denied and referred to the IJ. Because Chen remained in the United States beyond the authorized period, a Notice to Appear was issued on May 1, 2004, regarding removal pursuant to section 237(a)(1)(B) of the Immigration and Naturalization Act, 8 U.S.C. § 1227(a)(1)(B).

On June 4, 2004, Chen appeared before the IJ for an initial hearing. During this hearing, Chen, through counsel, conceded removability and waived her right to an interpreter. The IJ set Chen's final hearing for June 15, 2005.

At the June 15, 2005 hearing, a Burmese translator was present for Chen. During the hearing, the IJ granted a recess so that Chen's family could discuss whether any family members had or would file a visa petition on Chen's behalf. After the recess, Chen's counsel informed the IJ that Chen was withdrawing her application for asylum and withholding of removal and protection under the CAT. Chen requested the maximum possible time for voluntary departure, and the IJ granted that request.

The IJ asked Chen if she understood what the attorneys were proposing. Chen stated that she did. When asked by the IJ if she understood that she was giving up her asylum, withholding, and relief under the CAT applications, Chen stated she did understand. Chen's counsel was given permission to question Chen, and counsel asked Chen if she made her decision voluntarily and intelligently. Chen stated "yes, sir." The parties agreed that the application would be withdrawn with prejudice. The IJ ordered that if Chen did not depart by the expiration of the 120-day period, she was to be removed to China, or in the alternative, Burma. The IJ then asked the parties if they accepted this decision and waived appeal. Chen's counsel responded "yes, your honor."

Despite her appeal waiver, Chen appealed the IJ's order to the BIA on June 28, 2005. Chen argued that the waiver of her application was not knowing and voluntary. Chen contends that during the June 15, 2005 hearing, her lawyer told her that she had to leave the country and that when she asked her interpreter what was happening, the interpreter told her that she could not talk in the courtroom. Chen claimed that she only found out later that counsel had volunteered her departure. She also argued that the IJ should have questioned her directly about the voluntariness of her waiver of her application and her right to appeal.

In a per curiam decision issued September 28, 2006, the BIA dismissed the appeal for lack of jurisdiction based on Chen's waiver. The BIA's record review concluded that Chen waived the appeal and that Chen knowingly and intelligently withdrew her asylum application.

Chen petitions for review, arguing that the BIA erred in finding that she knowingly and intelligently volunteered to leave the country and that she waived her right to appeal. The IJ's and BIA's findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary. 8 U.S.C. § 1252(b)(4)(B); *see also Samedov v. Gonzales*, 422 F.3d 704, 706–07 (8th Cir. 2005). We may only decide the petition on the administrative record. 8 U.S.C. § 1252(b)(4)(A).

The record reflects that Chen waived her right to appeal. The IJ's oral decision contains Chen's waiver of appeal, and the transcript from the June 15, 2005 hearing shows that Chen explicitly waived appeal through counsel. Nothing in the record supports Chen's claim that she did not knowingly and intelligently withdraw her asylum application and waive her right to appeal. Chen was represented by counsel during the hearings below, and she had a Burmese translator who was sworn in. On the record, Chen's own attorney asked her if she knowingly and voluntarily

understood the rights she was waiving, and she responded in the affirmative. *See Theodoropoulos v. INS*, 358 F.3d 162, 169 (2d Cir.), *cert. denied*, 543 U.S. 823 (2004) (concluding an alien had waived the right to appeal to the BIA by stating the alien did not want to appeal). The BIA's finding that Chen waived her appeal is conclusive because there is no evidence in the record that could compel a reasonable adjudicator to conclude to the contrary.

Accordingly, we deny Chen's petition for review.

_____