

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-28-2008

# Abuali v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4829

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Abuali v. Atty Gen USA" (2008). *2008 Decisions.* Paper 1130.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1130

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4829

———————

ALI ABUALI,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

———————

Petition for Review of an Order of the
United States Department of Justice
Board of Immigration Appeals
(BIA No. A96-204-591)
Immigration Judge:  Honorable Donald V. Ferlise

———————

Submitted Under Third Circuit LAR 34.1(a)
March 25, 2008

Before:  McKEE, RENDELL and TASHIMA*, Circuit Judges.

(Filed May 28, 2008)

———————

OPINION OF THE COURT

———————


_____


     * Honorable A. Wallace Tashima, Senior Judge of the United States Court of
Appeals for the Ninth Circuit, sitting by designation.

RENDELL, <u>Circuit Judge</u>.

Petitioner Ali Abuali ("Abuali") seeks review of a decision by the Board of

Immigration Appeals ("BIA" or "the Board") to dismiss his appeal from an Immigration

Judge's ("IJ") denial of his requests for asylum, withholding of removal, and protection

under the Convention Against Torture ("CAT"). For the reasons set forth below, we will

deny the Petition for Review.

<h1 style="text-align:center">BACKGROUND[1]</h1>

Abuali was born in Palestine and, before entering the United States, had resided in

the West Bank. Although the Palestinian authority took control of some cities in the early

1990s, Abuali did not experience significant difficulties and was "never . . . involved in

any groups or political parties." (A.R. 207.) "Maybe [in] 2001," a fight erupted in a

Ramallah market, and Abuali was shot.[2] (A.R. 145.) Abuali testified that the Ramallah

---

[1]As we write for the benefit of the parties alone, we need not undergo a lengthy recitation of the facts.

[2]In an affidavit filed in support of Abuali's I-589 application, Abuali claimed that he had been shot in the head by someone who told him to "stop being a spy." (A.R. 207.) In his live testimony before the IJ, however, Abuali stated that he had been shot by accident, that he did not know who shot him, and that the shooter did not say anything to him when he was shot. When questioned by the IJ, Abuali acknowledged that their were discrepancies between his affidavit and his live testimony and seemed to be unaware of some of the representations made in the affidavit. (*See, e.g.*, A.R. 157 ("Q: [Your affidavit says] that the person who shot you said something to you, but this is incorrect? A: I don't recall mentioning that I even got shot in my affidavit.").) Later in his testimony, Abuali explained that he did not write the affidavit himself; someone else helped him to prepare it.

In its decision on appeal, the BIA based its analysis on the assumption that Abuali had

2

police, possessing only batons, were unable to intervene in the shooting, and that, in general, no safety or security exists in Palestine.

On February 27, 2002, Abuali was admitted to the United States as a visitor authorized to remain until August 26, 2002. On May 12, 2003, Abuali was issued a Notice to Appear charging him with removability under section 237(a)(1)(B) of the Immigration and Nationality Act ("the Act"), as an alien who overstayed his admission as a non-immigrant. Abuali admitted the factual allegations in the Notice to Appear and conceded the grounds for removal. On February 5, 2004, Abuali requested asylum, withholding of removal, and CAT protection.

In an April 20, 2005 Oral Decision and Order, an IJ pretermitted Abuali's asylum application (as it had been filed well after the Act's one-year filing deadline) and denied his requests for withholding of removal and CAT protection. Abuali appealed the IJ's decision to the BIA,[3] and on October 23, 2006, the BIA affirmed the decision and dismissed Abuali's appeal. The BIA found, *inter alia*, that even assuming Abuali provided credible testimony, he did not meet his burden of proof for withholding of removal and/or CAT protection. Specifically, the BIA found that Abuali "failed to establish that it is more likely than not that he would be subject to persecution in Palestine

_____

"provide[d] credible testimony" before the IJ. (A.R. 3.) For the purposes of our review, we make the same assumption.

[3]Abuali did not challenge the IJ's findings that (1) he filed his asylum application more than one year after he entered the United States and (2) no changed or extraordinary circumstances excused the untimely filing.

3

on account of a protected ground," and further, he did not demonstrate that "it is more likely than not that he will be tortured for any reason if removed to Palestine." (A.R. 3.) Abuali filed a timely petition for review with this Court.[4]

## DISCUSSION

Abuali contends that "the BIA/Immigration Judge" erred in finding that (1) Abuali's credibility was "seriously impacted in a negative fashion" due to discrepancies between his April 20, 2005 hearing testimony and previously submitted affidavit; (2) Abuali did not establish that he had suffered past persecution on account of a statutorily protected ground; and (3) Abuali did not establish that he had a well-founded fear of persecution upon return to Palenstine. (Pet'r's Br. 5.) None of these issues present a meritorious ground for review.

## I.      Standard of Review

We review the BIA's factual determinations under a substantial evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). "'Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Senathirajah v. INS*, 157 F.3d 210, 216 (3d Cir. 1998) (quoting *Turcios v. INS*, 821 F.2d 1396, 1398 (9th Cir. 1987)). The BIA's determination will not be disturbed unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[4]We have jurisdiction to review the BIA's decision under 8 U.S.C. § 1252(a).

## II.     Credibility Determination

As recognized above, Abuali argues that "the BIA/Immigration Judge" erred in assessing his credibility "in a negative fashion." (Pet'r's Br. 5.) While the IJ did make an adverse credibility determination, the BIA did not. Where, as here, the BIA issued a decision on the merits and not a summary affirmance, we review the BIA's, not the IJ's decision. *See Gao*, 299 F.3d at 271. Because it is clear from the BIA's opinion that it did not make an adverse credibility finding, but instead assumed that Abuali had "provide[d] credible testimony" (A.R. 3), we easily reject this ground for review.

## III.     Past Persecution

Abuali next challenges the BIA's finding that he failed to establish past persecution on account of a statutorily protected ground. This finding was made in the context of the Board's withholding of removal analysis.

In order to obtain withholding of removal, a petitioner has the burden of showing a "clear probability" of persecution in the country designated for removal. *See INS v. Stevic*, 467 U.S. 407, 424 (1984) (noting that the question under the "clear probability" standard is "whether it is more likely than not that the alien would be subject to persecution"). The persecution must be on account of one of five statutorily protected grounds: race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1231(b)(3)(A).

If the withholding of removal applicant is determined to have suffered past

5

persecution in the proposed country of removal on account of one of these five grounds, "it shall be presumed that the applicant's life or freedom would be threatened in the future in the country of removal on the basis of the original claim." 8 C.F.R. § 208.16(b)(1)(i). An applicant who has not suffered past persecution may demonstrate that his life or freedom would be threatened in the future if he can establish that it is "more likely than not" that he would be persecuted upon removal on account of a protected ground. 8 C.F.R. § 208.16(b)(2).

As noted above, the BIA found that Abuali did not establish that he had suffered past persecution on account of a protected ground. After a thorough review of the record, we conclude that the Board's finding is supported by substantial evidence.

In his testimony before the IJ, Abuali explained that, upon returning to Palestine after a 6-month stay in the United States, he was grazed in the head by a stray bullet while shopping at the Ramallah Market. In the following colloquy with the IJ, Abuali was asked to describe exactly what happened the day of the shooting:

> Abuali: We were in the market, and something was going on. They were having a fight, and everybody was shooting, and I got shot. I was one of those people.
>
> IJ: Okay. Who was, who was fighting? Who was shooting at one another?
>
> Abuali: Just people. I don't know them. A lot of people.

(A.R. 43.) As the BIA recognized in its decision, Abuali did not claim to be politically

6

involved at the time (nor does he claim to be politically involved at present), he did not claim to be involved in the disturbance, and he knew neither his shooter's identity nor motivation.[5]  In fact, in his testimony before the IJ, Abuali specifically stated:  "I know I wasn't meant to be shot, but it's the chaos.  It's the mess that was there."  (A.R. 150.)  When asked by the IJ if Abuali thought he was shot by accident, Abuali answered, "Yes."  (A.R. 150.)  He also admitted that nothing similar had happened to him prior to or after the shooting.

The BIA concluded that the shooting was at most an "isolated incident [that] occurred during a time of chaos and strife in [Abuali's] country," which does not amount to "persecution" within the meaning of our law.  (A.R. 3 (citing *Matter of Sanchez and Escobar*, 19 I&N Dec. 276 (BIA 1985), *aff'd sub. nom.*, *Sanchez-Trujillo v. INS*, 801 F.2d 1571 (9th Cir. 1986)).)  We agree.  As our Court has noted, country-wide civil strife (1) does not rise to the level of harm that ordinarily characterizes persecution, and (2) is not persecution "on account of" a protected ground.  *Al-Fara v. Gonzales*, 404 F.3d 733, 740 (3d Cir. 2005).  Abuali did not meet his burden of establishing past persecution so as to qualify for a presumption of future persecution.

## IV.    Well-Founded Fear of Future Persecution

As his final issue for review, Abuali asserts that "the BIA/Immigration Judge

---

[5]The IJ specifically asked Abuali, "Do you know who shot you, sir?"; Abuali answered, "No."  (A.R. 148; *see also* A.R. 156.)

[erred] by finding that Abuali had no well-founded fear of persecution if he is returned to Palestine." (Pet'r's Br. 5.) Only two sentences in the body of Abuali's brief seem to address this issue. Those sentence read as follows: "Abuali presented more than sufficient evidence that he suffered past persecution and this in and of itself should have established a presumption of a well-founded fear of future persecution. Accordingly, Abuali has proven entitlement to withholding relief based upon asylum and under the CAT . . . ." (Pet'r's Br. 13 (citations omitted).) We reject Abuali's argument for several reasons.

First, neither the IJ nor the BIA made a finding as to Abuali's well-founded fear of persecution (or lack thereof); they simply had no occasion to. An alien's well-founded fear of future persecution is only relevant to his request for asylum. Because Abuali did not—and does not—dispute that his asylum application was untimely filed, asylum was never a viable avenue of relief for Abuali.

Second, to the extent that Abuali believes that a well-founded fear of persecution entitles him to either withholding of removal (under section 241(b)(3) of the Act) or protection under the CAT, he is misinformed. As set forth above, in order to qualify for withholding of removal, an applicant who has not suffered past persecution must establish that it is "more likely than not" that he would be persecuted upon removal on account of a protected ground. 8 C.F.R. § 208.16(b)(2); *INS v. Stevic*, 467 U.S. 407, 424 (1984). The BIA determined that Abuali failed to meet this burden, and we agree. Abuali's

8

generalized claims that there are no jobs in Palestine (A.R. 151), that the country is without "law and order" (A.R. 142), and that "[p]eople could kill each other with impunity claiming that their victim was an Israeli spy" (A.R. 142) are simply not enough to establish that Abuali is "more likely than not" to be persecuted on account of a protected ground upon his removal to Palestine.[6]

A well-founded fear of future persecution is also not enough to establish eligibility for protection under the CAT. In order to qualify for CAT protection, an applicant has the burden of proving that it is "more likely than not" that he would be *tortured* if removed to the proposed country of removal. 8 C.F.R. §§ 208.16(c)(2), (4). For CAT purposes, "torture" is defined as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 208.18(a)(1). Thus, to obtain CAT protection, Abuali would have to allege more than past or future persecution; he would have to satisfy the "higher bar of torture." *See Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002); *see also Samedov v. Gonzales*, 422 F.3d 704, 708 (8th Cir. 2005) ("Torture . . . is not coterminous with persecution."); 8 C.F.R. § 208.18(a)(2) (noting that torture is an "extreme form of cruel and inhuman treatment and does not include lesser

---

[6]Because Abuali's withholding of removal claim fails for lack of a showing of "persecution," we need not reach the question of whether the claimed persecution was "on account of" a protected ground.

9

forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture").

We have already explained that the market shooting and general unease that Abuali endured in Palestine do not rise to the level of persecution so as to warrant withholding of removal under section 241(b)(3) of the Act. Abuali presents no additional evidence that would suggest to us that it is "more likely than not" that he would suffer the even worse fate of being tortured upon his return to Palestine. Accordingly, the BIA's finding that Abuali "has failed to establish eligibility for protection under the Torture Convention" (A.R. 3) will not be disturbed.

## CONCLUSION

For the reasons set forth above, the Petition for Review will be DENIED.

_____