# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 08-2754

———————

| | |
|---|---|
| Fatou Ndiaye, | * |
| | * |
| Petitioner, | * |
| | * Petition for Review of |
| v. | * an Order of the Board |
| | * of Immigration Appeals. |
| Eric H. Holder, Jr.,[1] Attorney General | * |
| of the United States, | * [UNPUBLISHED] |
| | * |
| Respondent. | * |

———————

Submitted: October 23, 2009
Filed: October 28, 2009

———————

Before WOLLMAN, RILEY, and SMITH, Circuit Judges.

———————

PER CURIAM.

Fatou Ndiaye, a citizen of Mauritania, petitions for review of an order of the Board of Immigration Appeals (BIA), which affirmed an immigration judge's (IJ's) denial of asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

———————————

[1]Eric H. Holder, Jr., has been appointed to serve as Attorney General of the United States, and is substituted as respondent pursuant to Federal Rule of Appellate Procedure 43(c).

Upon careful review, we conclude that the BIA and the IJ provided specific, cogent reasons for finding Ndiaye not credible: Ndiaye's testimony lacked detail and specificity regarding the alleged incidents of persecution, and she did not present other evidence to corroborate her testimony. See Redd v. Mukasey, 535 F.3d 838, 842-43 (8th Cir. 2008) (combination of adverse credibility finding and lack of credible corroborating evidence means asylum claim fails); Yakovenko v. Gonzales, 477 F.3d 631, 636 (8th Cir. 2007) ("Vague histories and general information lack the type of detail an IJ can reasonably expect and may form the basis of an adverse credibility assessment."); Nyama v. Ashcroft, 357 F.3d 812, 817 (8th Cir. 2004) (per curiam) (IJ may demand corroborating evidence where asylum applicant's narrative is not credible). We also conclude that substantial evidence supports the IJ's and BIA's finding that Ndiaye did not establish a reasonable fear of future persecution because of changed country conditions. See Regalado-Garcia v. INS, 305 F.3d 784, 788 (8th Cir. 2002) (reasonableness of petitioner's fear of persecution may be undermined by changed country conditions). Because Ndiaye alleged the same factual basis for all of her claims, the denial of her asylum claim dictated the denial of her withholding-of-removal and CAT claims. See Zine v. Mukasey, 517 F.3d 535, 541 (8th Cir. 2008); Samedov v. Gonzales, 422 F.3d 704, 708-09 (8th Cir. 2005).

Accordingly, we deny the petition.

_____