# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-1025

_____

| | | |
|---|---|---|
| Maly Meas, | * | |
| | * | |
| Petitioner, | * | Petition for Review of an |
| | * | Order of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| John D. Ashcroft, Attorney General | * | [TO BE PUBLISHED] |
| of the United States, | * | |
| | * | |
| Respondent. | * | |

_____

Submitted: March 4, 2004

Filed: April 9, 2004

_____

Before BYE, McMILLIAN, and RILEY, Circuit Judges.

_____

BYE, Circuit Judge.

Maly Meas, a Cambodian citizen, petitions for review of an order of the Board of Immigration Appeals dismissing her appeal of an Immigration Judge's (IJ's) denial of the applications of Meas and three of her children for asylum and withholding of removal. After careful review of the record, we deny the petition. See Menendez-Donis v. Ashcroft, No. 02-3692, 2004 WL 307451, at *3 (8th Cir. Feb. 19, 2004) (standard of review).

Initially, we reject Meas's contention that her due process rights were violated because the translator did not fully convey her fear of persecution. See Escudero-Corona v. INS, 244 F.3d 608, 614 (8th Cir. 2001) (reviewing de novo constitutional challenges). The transcript of Meas's testimony as a whole was understandable and coherent, and thus Meas was able to convey her story to the IJ; and more important, Meas has not explained how she was prejudiced by the alleged deficiencies of the translator. See Hartooni v. INS, 21 F.3d 336, 340 (9th Cir. 1994) (even if interpretation was incompetent, petitioner must show it prejudiced outcome of hearing).

As to the merits, we agree with the IJ that the record shows past persecution of Meas by the Khmer Rouge from 1975-79, see Perinpanathan v. INS, 310 F.3d 594, 597-98 (8th Cir. 2002), but that the likelihood of any such persecution in the future was rebutted by State Department reports, see Francois v. INS, 283 F.3d 926, 930-31 (8th Cir. 2002) (if alien shows past persecution, immigration authorities have burden to show conditions in applicant's country have changed such that applicant no longer has well-founded fear of future persecution); Perinpanathan, 310 F.3d at 599 n.1 (State Department reports are persuasive authority for determining whether asylum seeker has well-founded fear of future persecution).

As to more recent events involving Meas and the Cambodian People's Party (CPP), the IJ found Meas's statements and testimony credible (other than her pre-hearing statements about receiving a bribe). See Hamzehi v. INS, 64 F.3d 1240, 1242 (8th Cir. 1995) (applicant's uncorroborated testimony, if believed, may establish reasonable fear of persecution). Based on Meas's evidence, the record reveals that before she and three of her children left Cambodia in 1996 and 1997 on diplomatic passports, (1) there were unfulfilled threats received by Meas's husband, a member of the Cambodian National Assembly who belonged to the National United Front for a Neutral, Peaceful, Cooperative, and Independent Cambodia (FUNCINPEC), a rival party of the CPP; (2) Meas secretly carried messages for FUNCINPEC; (3) Meas's

children were followed, and one of her daughters received a vague threat related to Meas; and (4) Meas received three letters, in February 1996, October 1996, and February 1997, requesting her assistance in convincing her husband to help the CPP. A reasonable fact-finder could conclude, as the IJ did, that this evidence fell short of showing past persecution by the CPP. Cf. Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (unfulfilled threats alone do not constitute past persecution, unless they are so menacing as to cause significant actual suffering or harm; where petitioner was not closely confronted or otherwise harmed, he did not suffer past persecution from threats).

We further agree with the IJ that Meas did not establish a well-founded fear of future persecution by the CPP. Although Meas's husband fled to Thailand during a July 1997 coup d'etat, he returned to Cambodia and continued serving in the National Assembly despite his status as a FUNCINPEC official, and while he was thereafter shot at on one occasion and Meas's daughter who remained in Cambodia was confronted and robbed, these incidents did not recur. See Feleke v. INS, 118 F.3d 594, 598 (8th Cir. 1997) (attacks on family members, absent pattern of persecution tied to applicant, or isolated acts of violence, do not establish well-founded fear of persecution). And as of the end of 1997, there had been no reported persecution of Cambodian refugees who were repatriated in October 1997.[1]

---

[1]In recent cases involving asylum applications of Cambodians--two of whom were high-ranking police officials and known FUNCINPEC members--the denials of asylum were upheld in part because later State Department reports indicated that after elections in 1998, FUNCINPEC shared power with the CPP and FUNCINPEC's leader was the National Assembly president. See Yuk v. Ashcroft, 355 F.3d 1222, 1226, 1234-36 (10th Cir. 2004); Keo v. Ashcroft, 341 F.3d 57, 59-61 (1st Cir. 2003).

Finally, we uphold the denial of withholding of removal.  See <u>Francois</u>, 283 F.3d at 932-33 (standard for withholding of removal is more onerous than asylum standard).

Accordingly, we deny the petition.

_____