# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-3038

_____

Raisul Amin,                                  *
                                              *
              Petitioner,                      *
                                              *  Petition for Review of an Order
       v.                                      *  of the Board of Immigration Appeals.
                                              *
John Ashcroft, United States                  *
Attorney General,                              *
                                              *
              Respondent.                      *

_____

Submitted: May 11, 2004
Filed: November 12, 2004

_____

Before MORRIS SHEPPARD ARNOLD, McMILLIAN, and MELLOY, Circuit
      Judges.

_____

MELLOY, Circuit Judge.

       Raisul Amin petitions for review of an order of the Board of Immigration
Appeals ("BIA") that affirmed without opinion an Immigration Judge's ("IJ's") denial
of his Motion to Reopen his case.  We affirm.

I.

Amin is a native and citizen of Bangladesh. He arrived in the United States on or about February 9, 1991 with a visitor's visa that authorized him to stay until August 9, 1991. In June 1993, Amin filed a claim for asylum and withholding of removal with the Immigration and Naturalization Service ("INS"). While awaiting resolution of his case, Amin married a citizen of Mexico in the United States and had two children with her.

On or about March 9, 1998, the INS served Amin with a Notice to Appear charging that he had overstayed his visa. On September 11, 1998, Amin, at the master removal proceeding, admitted to the factual allegations contained in the Notice to Appear. Subsequently, Amin renewed his application for asylum and withholding of removal.

Amin had two evidentiary hearings in 2001 and 2002 where he and his father testified. The IJ held that Amin was a citizen of Bangladesh and denied relief. The IJ did, however, allow Amin to depart voluntarily. On March 22, 2002, Amin filed an appeal with the BIA to contest the findings of the IJ. The BIA affirmed the decision of the IJ without opinion and Amin appealed to this court.

II.

When the BIA affirms an IJ's decision without opinion, we treat the IJ's decision as the final agency decision. Loulou v. Ashcroft, 354 F.3d 706, 708-09 (8th Cir. 2003). If a petitioner wishes "to obtain judicial reversal of the BIA's determination, he [or she] must show that the evidence he [or she] presented was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). The Elias-Zacarias standard was subsequently codified so that a BIA finding of fact is

"conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. §1252(b)(4)(B). "We review the [BIA's] legal determinations de novo but recognize that its interpretation of the [Immigration and Nationality Act] is entitled to deference." Nyirenda v. INS, 279 F.3d 620, 623 (8th Cir. 2002).

III.

Amin makes two arguments on appeal. First, he argues that the IJ erred in finding that Amin did not suffer persecution in Bangladesh. Amin alleges that he was discriminated against because he was a Bihari. Biharis are Pakistani or Indian Muslims that migrated to East Pakistan after the 1947 formation of India and Pakistan. In 1970 and 1971, when Bangladesh became independent through a civil war, the Biharis supported the Pakistanis. When Bangladesh became independent, the Biharis were stranded in the new country and suffered discrimination at the hands of the Bengali population. Amin alleges that he lived his life in a refugee camp for Biharis and suffered an array of discrimination as a result. Amin testified that as retaliation for his father potentially revealing a scheme to embezzle from refugee camp assets, Amin was kidnaped on the orders of Nasim Khan and Abdul Ghafoor and assaulted.

In order to receive asylum, a refugee must prove that he or she is unwilling or unable to return to his or her home country because of past persecution or because there is a well-founded fear of future prosecution because of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 101(a)(42)(A). This court should defer to an IJ's credibility determination of whether a well-founded fear exists if the IJ had "specific, cogent, reason for disbelief." Ghasemimehr v. INS, 7 F.3d 1389, 1391 (8th Cir. 1993).

In this case, the IJ had ample reason to believe that Amin's allegations were not credible. Specifically, Amin did not mention Khan and Ghafoor, the alleged

kidnapers, in the original 1998 asylum application. Further, Amin did not describe the role of Khan's bodyguards in the original application. There is also no evidence that Amin reported either kidnaping to the police in Bangladesh.

There were also discrepancies in Amin's story about the motives for the alleged retaliation against him. Amin alleged that the two men sought revenge against him and his father because his father had reported corruption by Khan and Ghafoor at the refugee camp. However, the IJ gave weight to a 1995 letter from Khan and Ghafoor that strongly endorsed Amin's father. There are also questions as to why the two men would have sought retaliation because Amin himself testified that the police never acted upon complaints by Biharis (which is why he said he did not report the kidnapings). Given these substantial gaps in Amin's story, there was more than enough evidence to support the finding of the IJ on this issue.

Amin's second argument on appeal is that the IJ erred in finding that Amin was a citizen of Bangladesh. Amin claims that a 1991 passport from Bangladesh did not prove he was a citizen of Bangladesh. As Biharis are, in a sense, people of two different states, Amin alleges that he is stateless. The reason, he argues, that the Bangladesh passport is not clear proof of his citizenship is because he received it as a result of a bribe. Therefore, Amin alleges, the passport is not a legal document that clearly describes his citizenship.

While Amin's explanation has bearing on his 1991 passport from Bangladesh, it does not explain why the IJ erred in finding the 1992 and 2001 passports to be evidence of citizenship. Since the 1991 passport was lost, it would have been impossible for the IJ to determine if that passport was validly issued. The IJ also found significant a January 17, 2002 letter from the Bangladesh Embassy stating that Amin could obtain, and may have obtained, citizenship in Bangladesh. It is also unclear why statelessness would affect the IJ's finding because it would not by itself be evidence of past persecution. Therefore, the IJ had substantial evidence to support

the finding of citizenship and did not err in finding Amin to be a citizen of Bangladesh. Further, because voluntary departure was allowed, the finding of citizenship did not bind Amin to return to Bangladesh.

## IV.

For the foregoing reasons, we affirm the BIA's decision affirming the IJ's holding that Amin failed to meet his burden in proving past persecution or a well-founded fear of persecution as required and that Amin is a citizen of Bangladesh.

_____