# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 03-4056

_____

Marco Hipolito Guzman Garcia,     *
                                     *

           Petitioner,              *

                                     *    Petition for Review of an

      v.                            *    Order of the Board of

                                     *    Immigration Appeals.

John D. Ashcroft, Attorney General     *

of the United States,                *    [UNPUBLISHED]

                                     *

           Respondent.           *

_____

Submitted: January 14, 2005
Filed: January 21, 2005

_____

Before BYE, RILEY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Guatemalan citizen Marco Hipolito Guzman Garcia petitions for review of an order of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's (IJ's) denial of his application for asylum and withholding of removal. Garcia entered the United States without inspection in December 1990. He filed asylum applications in April and November 1993, and submitted a personal statement just prior to a September 2002 hearing before the IJ. The IJ found that (1) Garcia's testimony was not credible, in light of inconsistent assertions in his sworn applications and personal statement; (2) he had not provided documentation of specific aspects of his claim to support a finding of a reasonable fear of future

persecution; and (3) because he had not established eligibility for asylum, he had not met the heavier burden for withholding of removal. The BIA issued an affirmance without an opinion (AWO).

Initially, we reject respondent's challenge to subject matter jurisdiction based on Garcia's alleged failure to exhaust administrative remedies. See 8 U.S.C. § 1252(d)(1) (orders of removal are subject to judicial review only if alien has exhausted all available administrative remedies); In re Minn. Mut. Life Ins. Co. Sales Practices Litig., 346 F.3d 830, 834 (8th Cir. 2003) (de novo standard of review). In his brief to the BIA, Garcia implicitly challenged the substance of the IJ's findings. Cf. Moussa v. INS, 302 F.3d 823, 825 (8th Cir. 2002) (even assuming § 1252(d) is jurisdictional, this court necessarily had jurisdiction to determine its jurisdiction, and in any event, petitioner had exhausted).

As to the merits, we defer to the IJ's credibility finding because it was based on multiple material discrepancies between Garcia's testimony and his sworn written assertions, and among the written assertions themselves. See Amin v. Ashcroft, 388 F.3d 648, 650 (8th Cir. 2004) (this court should defer to credibility determination if IJ had specific, cogent reason for disbelief); Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (this court must uphold factual findings if they are supported by substantial evidence in record as whole, meaning "evidence must be such that it would be possible for a reasonable fact-finder to reach the same conclusions").

Because Garcia did not establish past persecution--through credible testimony-- he was not entitled to a presumption that his fear of future persecution is well founded, and he had to establish independently such a fear. See Kondakova v. Ashcroft, 383 F.3d 792, 798 (8th Cir. 2004) (applicant must offer credible, specific evidence that reasonable person in his position would fear persecution if returned), petition for cert. filed, 73 U.S.L.W. 3287 (U.S. Oct. 27, 2004) (No. 94-584). We

agree with the IJ that he did not do so. Garcia provided no supporting evidence that it was unsafe for him to return due to his activities in Guatemala on behalf of a student group, or that he had received threatening letters from the army before he left in 1990; and while the State Department report for 2001 reflected some human rights abuses, it also indicated that the Guatemalan government generally respected the right of peaceful assembly, and peaceful demonstrations had been common, and there was no indication that forced army recruitment was occurring. See Krasnopivtsev v. Ashcroft, 382 F.3d 832, 839 (8th Cir. 2004) (applicant must show particularized fear of persecution directed at him, not fear of general violence); Prokopenko v. Ashcroft, 372 F.3d 941, 945 (8th Cir. 2004) (noting IJ may properly request corroborating evidence if alien's credibility is in question; it is applicant's responsibility to gather evidence supporting his claim); Yuk v. Ashcroft, 355 F.3d 1222, 1235 (10th Cir. 2004) (unfulfilled threats are properly considered in determining if petitioner has reasonable fear of future persecution, but length of time since threat was received diminishes its present significance).

We also agree with the IJ that because Garcia's asylum claim failed, his claim for withholding of removal necessarily failed as well, see Lopez-Zeron v. U.S. Dep't of Justice, 8 F.3d 636, 638 (8th Cir. 1993) (per curiam) (standard for withholding of removal is more difficult to meet than standard for asylum); and we reject any challenge Garcia indirectly raises to the BIA's AWO process, see Hassan v. Ashcroft, 388 F.3d 661, 668-69 (8th Cir. 2004). Accordingly, we deny Garcia's petition for review.

_____