# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1526

_____

Pedro A. Suram Rodriguez, also          *
known as Pedro Alfonso Suram            *
Rodriguez,                              *
                                        *
          Petitioner,                   *
                                        *   Petition for Review of an Order
     v.                                 *   of the Board of Immigration
                                        *   Appeals.
Alberto Gonzales, Attorney General      *
of the United States of America         *
                                        *
          Respondent.                   *

_____

Submitted: March 17, 2006
Filed: March 22, 2006

_____

Before MURPHY, BOWMAN, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Petitioner Pedro Rodriguez is a Guatemalan citizen who entered the United States illegally on March 28, 1991. He filed an asylum application in December 1993, seeking asylum, withholding of removal, and protection under the Convention Against Torture (CAT). The Immigration Judge (IJ) found removability and denied his asylum application and his alternative request for voluntary departure. The Board of Immigration Appeals (BIA) affirmed without opinion. Rodriguez appeals, arguing

that he is entitled to asylum and protection under CAT and that the BIA erred in affirming without opinion. We affirm.

Rodriguez was the only witness to testify in support of his application. He testified that from 1988 until 1990 he worked for the National Union of the Center (UNC), an opposition political party in Guatemala. He was not technically employed by the UNC but made his living selling weapons and working at a local restaurant. Although he handed out UNC flyers, he never paid dues, attended party meetings, or held a leadership position. The UNC collapsed in 1992 when its leader was killed. Rodriguez claims that the military began pressuring him to join in 1985 or 1986, but he testified that he was not recruited by military personnel but rather by civilians who wanted him to commit "violent acts." His brother was murdered in 1992, and Rodriguez believes that he was killed due to his refusal to join the military. He admitted removability, but claims that he is afraid to return to Guatemala because the military would kill him.

After hearing Rodriguez's testimony and considering the documentary evidence submitted, the IJ denied his asylum application. The IJ found his testimony credible, but held that he was not entitled to asylum because he had not established past persecution or a reasonable fear of future persecution. The IJ also found that Rodriguez did not meet his burden for withholding of removal and that there was no evidence in the record indicating that he would be tortured if returned to Guatemala. The BIA affirmed without opinion. Rodriguez now petitions for review of the BIA decision, arguing that he has suffered past persecution and maintains a reasonable fear of future persecution. He also complains that the BIA's summary affirmance violates the agency's own regulations as well as the Supreme Court decision in SEC v. Chenery, 332 U.S. 194 (1947).

Because the BIA affirmed the IJ's decision without opinion, we treat the IJ's decision as the final agency decision for purposes of judicial review. Amin v.

Ashcroft, 388 F.3d 648, 650 (8th Cir. 2004). We review the IJ's findings of fact, including its decision that an applicant has failed to establish eligibility for asylum or withholding of removal, under the substantial evidence standard, Menendez-Donis v. Ashcroft, 360 F.3d 915, 917 (8th Cir. 2004), and we will defer to the IJ's findings "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see also S-Cheng v. Ashcroft, 380 F.3d 320, 323 (8th Cir. 2004).

Rodriguez first contends that he is entitled to asylum. To be eligible for asylum under the Immigration and Nationality Act, Rodriguez must qualify as a refugee under 8 U.S.C. § 1158(b)(1)(A). A refugee is an alien unable to return to his home country "because of past persecution or a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). Rodriguez bears the burden to prove that he is entitled to refugee status. 8 C.F.R. § 1208.13(a).

No testimony or evidence showed that Rodriguez was ever physically harmed or threatened on account of his refusal to join the military. Moreover, forced recruitment itself is not persecution; the petitioner must show that the recruitment was based on one of the five statutory criteria in § 1101(a)(42)(A). See Dominguez v. Ashcroft, 336 F.3d 678, 680 (8th Cir. 2003). Here, Rodriguez never showed that his recruitment was based on any of the five criteria. Although he testified regarding the death of his brother, he was unable to show that this death was on account of a protected ground or that it was in any way tied to him. See Jalloh v. Gonzales, 418 F.3d 920, 923 (8th Cir. 2005).

Similarly, Rodriguez submitted no evidence that the government of Guatemala would persecute him for evading military service or that his involvement in a now defunct political party would cause him any problems if he were returned. While he did provide some evidence indicating that Guatemala is politically unstable, instability

alone does not establish a reasonable fear of persecution for harm must be individualized in asylum cases. See Mohamed v. Ashcroft, 396 F.3d 999, 1003 (8th Cir 2005). We conclude that a reasonable fact finder could have determined that Rodriguez neither suffered past persecution nor maintained a reasonable fear of future persecution, and he thus did not qualify as a refugee entitled to asylum.

Petitioner also claims that he is entitled to protection under CAT. To warrant such protection, Rodriguez must demonstrate that it is more likely than not that he will be tortured if returned to Guatemala. 8 C.F.R. § 208.16(c)(2). If a petitioner fails to establish eligibility for asylum, it is likely that he will not succeed under CAT. Samedov v. Gonzales, 422 F.3d 704, 708 (8th Cir. 2004). A separate analysis under CAT is only required when the petitioner has presented evidence that he is likely to be tortured for reasons unrelated to his asylum claim. Alemu v. Gonzales, 403 F.3d 572, 576 (8th Cir. 2005). Petitioner has presented no such evidence, and we conclude that the IJ did not err in denying petitioner's claim under CAT.

Lastly Rodriguez claims that the BIA's summary affirmance violated its own regulations and Chenery, 332 U.S. at 196-97, because the BIA did not give a reasoned explanation susceptible to judicial review. Agency regulations allow the BIA to render its decision without opinion, 8 C.F.R. § 1003.1(e)(4), and we have previously concluded that the decision of the immigration judge satisfies the requirement that the agency provide a reasoned explanation for judicial review under Chenery. See Ngure v. Ashcroft, 367 F.3d 975, 988 (8th Cir. 2004); Dominguez, 336 F.3d at 680. The BIA's decision to affirm without opinion "is committed to agency discretion and [is] not subject to judicial review." Ngure, 367 F.3d at 983. We conclude that the BIA was within its discretion and acted consistent with its regulations as well as prior precedent.

Accordingly, we deny the petition for review.

_____

-4-