# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1739

_____

| | | |
|---|---|---|
| Carlos Alberto Flores-Calderon, and Magaly Vilchez-Romani, | * * * | |
| Petitioners, | * * | |
| v. | * * | Petition for Review from the Board of Immigration Appeals. |
| Alberto Gonzales, Attorney General of the United States of America, | * * * | |
| Respondent. | * | |

_____

Submitted: October 16, 2006
Filed: January 8, 2007

_____

Before MELLOY, BEAM, and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Carlos Alberto Flores-Calderon and Magaly Edith Vilchez-Romani, husband and wife, seek review of an order of the Board of Immigration Appeals (BIA) dismissing their appeal for asylum. Having jurisdiction under 8 U.S.C. § 1252, this court denies the petition for review.

I.

Flores-Calderon and Vilchez-Romani, Peruvian natives, entered the United States in October 2002 and September 2001, respectively, on visitors' visas. After overstaying, they jointly applied for asylum, withholding of removal, protection under the Convention Against Torture, or voluntary departure. At a joint removal proceeding, they conceded removability and renewed their application. The Immigration Judge (IJ) denied all requests except voluntary departure. The BIA dismissed the appeal and adopted the findings of the IJ.

Flores-Calderon and Vilchez-Romani assert several incidents of persecution based on his military service. Flores-Calderon served in the Peruvian navy for 16 years as a nurse and dental technician. From 1992 until 1994, he was assigned as a nurse to a unit trained to fight subversives and narcotraffickers. Flores-Calderon testified that some of his duties included patrolling rural areas in the rainforest, as well as capturing and interrogating guerrillas. For security purposes each member of the unit was known only by code name.

Flores-Calderon avers that in October 1999, when he was off duty and driving home, four armed men surrounded his car and began hitting him on the head and back with handguns. He was forced into the back of the car, covered, and taken to another location. There, the men left him, taking his military identification and car. Flores-Calderon reported this incident to the police and the military.

As a result of the carjacking, Flores-Calderon theorizes that his military identification fell into the hands of a terrorist group he had fought while a member of the anti-subversive unit. In 2000, Flores Calderon and his wife began receiving threatening phone calls and letters. The callers never identified themselves, but said they would make Flores-Calderon and Vilchez-Romani suffer and then kill them. Flores-Calderon and Vilchez-Romani reported receiving five telephone calls each and three letters. The threatening calls and letters persisted despite a change in telephone

number and moves to different homes. Flores-Calderon destroyed the letters, calling them "silliness," and did not report any of the calls or letters to the police or military.

Flores-Calderon and Vilchez-Romani testified that they were living in fear, changing locations and taking different routes to work. She left Peru in September 2001. He remained until October 2002 after retiring from the Navy in April 2002. He did not receive any threatening calls or letters after his retirement.

## II.

Flores-Calderon and Vilchez-Romani contend that there is substantial evidence they suffered past persecution and have a reasonable fear of future persecution because of his military career and the Peruvian government's inability to control the activities of traffickers and guerrillas. The IJ and the BIA held that Flores-Calderon and Vilchez-Romani failed to meet their burden of establishing past persecution, or fear of future persecution under any of the protected grounds conferring refugee status. *See* **8 U.S.C. § 1101(a)(42)(A)**.

## A.

This court must determine whether the denial of asylum is "supported by reasonable, substantial, and probative evidence" on the record as a whole. *Kratchmarov v. Heston*, 172 F.3d 551, 554 (8th Cir. 1999). The BIA decision is not overturned unless the evidence is "so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Perinpanathan v. INS*, 310 F.3d 594, 597 (8th Cir. 2002) (quoting *Feleke v. INS*, 118 F.3d 594, 598 (8th Cir. 1997)).

To be eligible for asylum, Flores-Calderon and Vilchez-Romani must qualify as refugees under 8 U.S.C. 1158(b)(1)(A). *Rodriguez v. Gonzales*, 441 F.3d 593, 595 (8th Cir. 2006). A refugee is "any person who is outside any country of such person's nationality . . . who is unable or unwilling to return . . . because of persecution or a

well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." **8 U.S.C. § 1101(a)(42)(A)**. Flores-Calderon claims persecution on account of a political opinion, imputed by his military service opposing the guerrillas and subversives.

Flores-Calderon presented the following evidence to support his request for asylum: the 1999 carjacking where his car and military ID were taken, and the multiple threatening phone calls and letters. Flores-Calderon does not contend that persecution occurred at the hands of the government, but rather was committed by local terrorists or guerrillas. "Actions by private parties are not attributable to the government, absent a showing that the harm is inflicted by persons that the government is unwilling or unable to control." *Kimumwe v. Gonzales*, 431 F.3d 319, 322-23 (8th Cir. 2005).

No substantial evidence was presented identifying the carjackers or the persons making the threatening calls and letters. Because the carjackers were not identified, the IJ could not conclude that the carjacking was an act of persecution, rather than a criminal act. Similarly, there is not substantial evidence that the calls and letters were initiated by guerrillas or terrorists. Therefore, it cannot be determined that these acts were perpetrated by persons the government is unwilling or unable to control. The belief that the carjackers, callers, and writers were members of a guerrilla group is speculative, as demonstrated by Flores-Calderon's testimony that "it's possible" his ID fell into the hands of terrorists and therefore, the terrorists "probably were able to enter into my personal database." This evidence is not so compelling that "no reasonable factfinder could arrive at the conclusion reached by the BIA." *Yang v. Gonzales*, 427 F.3d 1117, 1120 (8th Cir. 2005).

There is no substantial evidence connecting the claims to one of the protected grounds. The Board's determination that Flores-Calderon and Vilchez-Romani did not suffer past persecution is supported by substantial evidence on the record.

-4-

B.

Although Flores-Calderon and Vilchez-Romani failed to establish past persecution, they are still eligible for asylum if they can show a "well-founded fear of future persecution." *Samedov v. Gonzales*, 422 F.3d 704, 708 (8th Cir. 2005); *see* **8 C.F.R. § 208.13(b)**. To establish a well-founded fear of persecution, Flores-Calderon and Vilchez-Romani must demonstrate that it is both subjectively genuine and objectively reasonable. *Shoaira v. Ashcroft*, 377 F.3d 837, 844 (8th Cir. 2004). The subjective prong may be proved by the applicant's testimony, while the objective element requires "credible, direct, and specific evidence that a reasonable person in [their] position would fear persecution if returned to [the] country of origin." *Id.* While their fear may be subjectively genuine, both the IJ and BIA held that they failed to satisfy the burden of showing that their fear was objectively reasonable.

The fear of future persecution must not be "so speculative or general as to lack credibility" and Flores-Calderon and Vilchez-Romani must show that the evidence they presented "was so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Miranda v. INS*, 139 F.3d 624, 627 (8th Cir. 1998).

Flores-Calderon testified that he did not receive threatening telephone calls or letters during the six months between his retirement from the military and his departure from Peru. Flores-Calderon and Vilchez-Romani never identified the carjackers, callers, or writers. *See Ruzi v. Gonzales*, 441 F.3d 611, 617 (8th Cir. 2006). In addition, the IJ determined that the guerrilla groups in Peru have been marginalized since then, now concentrating on high-profile leaders. *Compare Kratchmarov*, 172 F.3d at 554. Flores-Calderon points to evidence that guerrillas continued to operate in 2001 and 2003. Although Flores-Calderon and Vilchez-Romani have a subjective fear of being harmed, they did not present credible, direct, and specific evidence of a fear of future persecution. The IJ reasonably concluded that

it is unlikely that a retired member of the military medical service, whose last major involvement in combat was in 1994, would be the subject of persecution.

The denial of asylum is supported by reasonable, substantial, and probative evidence on the record as a whole. Flores-Calderon and Vilchez-Romani fail to meet their burden of showing past persecution, or a well-founded fear of future persecution on account of a protected ground. The petition for review is denied.

_____