# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 08-2007

_____

Armando Cubillos; Cecilia　　　　　*
Santana-Sanchez; Jorge Armando　 *
Cubillos; Francisco Cubillos,　　　 *
　　　　　　　　　　　　　　　　*
　　　　　Petitioners,　　　　　　*
　　　　　　　　　　　　　　　　*　Petition for Review of a
　　　v.　　　　　　　　　　　　 *　Final Decision of the Board
　　　　　　　　　　　　　　　　*　of Immigration Appeals.
Eric H. Holder, Jr.,[1]　　　　　　 *
　　　　　　　　　　　　　　　　*
　　　　　Respondent.　　　　　　*

_____

Submitted: January 16, 2009
Filed: May 12, 2009

_____

Before MURPHY and SMITH, Circuit Judges, and LIMBAUGH, District Judge.[2]

_____

SMITH, Circuit Judge.

---

[1]Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for Michael B. Mukasey as Respondent.

[2]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri, sitting by designation.

Armando Cubillos, et al.,[3] petitions for review of a decision of the Board of Immigration Appeals (BIA) vacating the immigration judge's (IJ) grant of asylum to Cubillos. For the reasons discussed below, we deny Cubillos's petition.

## I. *Background*

Cubillos, a native and citizen of Colombia, traveled to the United States in 2003 as a nonimmigrant visitor for pleasure. He filed an application for asylum five months later. Pursuant to 8 U.S.C. § 1227(a)(1)(B), the Department of Homeland Security (DHS) issued a Notice to Appear charging Cubillos with staying in the country beyond the time allowed. Cubillos later conceded removability, and the IJ designated Colombia as the country of return. At a hearing on the merits of the asylum claim, the IJ found Cubillos eligible for asylum and granted relief.[4]

Before the IJ, Cubillos asserted that he had suffered past persecution and feared future persecution at the hands of the Colombian government because of his involvement with the Radical Change Party. Cubillos also contended that he was persecuted because of his membership in a social group consisting of his family. Cubillos's involvement with the Radical Change Party began in 1994 and deepened in succeeding years. In 1999, he received an anonymous phone call to his business in which an unidentified caller demanded money. A few weeks later, Cubillos received another anonymous phone call in which an unidentified caller instructed Cubillos to pay one million pesos each month.[5] He was also told that he should "reconsider the

---

[3]Armando Cubillos is the lead petitioner. The remaining petitioners are Cubillos's wife and sons.

[4]Because the IJ granted asylum, he explicitly did not reach the other claims for relief—withholding of removal and relief under Article 3 of the Convention Against Torture (CAT).

[5]According to Cubillos, this amounted to "[$]450 to $500 as the exchange was at that time."

position that [he] had towards the political parties there." In response to what he considered a threat, Cubillos moved his family from Bogota, Colombia, to Cali, Colombia.

Two years later, Cubillos received an anonymous letter informing him that his life was in danger and that "[t]hey were aware of all [his] movements." He believed that this threat was related to his political activities. Two months later, he received another anonymous letter implying that his sons were in danger. Cubillos reported the threats to the authorities but no one was ever identified as responsible. Cubillos admitted that he did not know what group made the threatening phone calls or sent the threatening letters and that he could not identify the source of the threats, but he stated that he was sure that it was "a political issue."

After hearing Cubillos's testimony, the IJ found him credible. The IJ also found that the documents provided by Cubillos corroborated his testimony. The IJ determined that Cubillos had established past persecution based on his membership in the Radical Change Party. The IJ noted that Cubillos had sought protection but that the government was unable or unwilling to protect him. The IJ concluded that Cubillos established past persecution and that the government failed to rebut the presumption of future persecution. Based on these findings, the IJ granted Cubillos's application for asylum. The IJ did not reach Cubillos's applications for withholding of removal and CAT relief.

DHS appealed, and the BIA vacated the IJ's decision. The BIA held that, despite credible testimony, the two anonymous phone calls and two anonymous letters did not amount to past persecution because Cubillos did not have physical contact with the individuals and the correspondence did not include explicit threats against him. Moreover, the BIA held that Cubillos did not show a well-founded fear of persecution on account of a protected ground. The BIA also denied Cubillos's applications for withholding of removal and CAT relief. This petition followed.

## II. *Discussion*

On appeal, Cubillos challenges the BIA's denial of his asylum claim, withholding of removal, and CAT claims. Cubillos also challenges the BIA's scope of review.

We will affirm the BIA's decision if "substantial evidence on the administrative record" supports that decision. *De Brenner v. Ashcroft*, 388 F.3d 629, 636 (8th Cir. 2004) (internal quotations and citations omitted). And we will not overturn that decision "unless the evidence is so compelling that no reasonable fact finder could fail to find the requisite fear of persecution." *Id.* (internal quotations and citations omitted). The BIA's legal conclusions are reviewed de novo, but we grant deference to the BIA in interpreting "ambiguous statutory terms if the interpretation is reasonable and consistent with the statute." *Id.* (internal quotations and citations omitted).

## A. *Asylum*

A person seeking asylum must show that he is "unable or unwilling to return to . . . [his home] country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). If past persecution is established, then the alien is entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1); *De Brenner*, 388 F.3d at 636. We hold that there is substantial evidence on the record to support the BIA's denial of Cubillos's asylum claim.

### 1. *Past Persecution*

Cubillos challenges the BIA's decision denying his application for asylum, alleging that he was previously persecuted because of his political opinion and his membership in a political party.[6]

We have made clear that "[p]ersecution is an extreme concept and low-level types of intimidation or harassment are not sufficiently severe." *Krasnopivtsev v. Ashcroft*, 382 F.3d 832, 839 (8th Cir. 2004) (internal quotations and citations omitted). Persecution is the "infliction or threat of death, torture, or injury to one's person or freedom for a proscribed reason." *Zakirov v. Ashcroft*, 384 F.3d 541, 546 (8th Cir. 2004) (internal quotations and citations omitted). Moreover, the persecution must be inflicted by the government or by persons that "the government is unwilling or unable to control." *Flores-Calderon v. Gonzales*, 472 F.3d 1040, 1043 (8th Cir. 2007) (internal citations and quotations omitted). We hold that two anonymous calls and two anonymous letters, without more, over a four-year period, are not "sufficiently severe" to constitute persecution under our circuit precedent. *Krasnopivtsev*, 382 F.3d at 839.

In *Flores-Calderon*, this court held that a carjacking by anonymous persons followed by anonymous threatening calls and letters did not amount to past persecution. 472 F.3d at 1043. In that case, the petitioner, who had once served as a nurse in the military, petitioned for review after the BIA dismissed his asylum appeal. *Id*. at 1041–42. While driving home, four armed men surrounded his car, hit him in the head with handguns, forced him into the back of the car, and dropped him off at

---

[6]Cubillos also makes claims for asylum based on his membership in the "property-owning class" or based on a "pattern or practice of persecution of a group of persons similarly situated." But because Cubillos did not raise these issues below, we will not address them now on appeal. *See Sultani v. Gonzales*, 455 F.3d 878, 884 (8th Cir. 2006) (stating that "[f]ailure to raise an issue before the [BIA] constitutes a failure to exhaust administrative remedies and deprives this court of jurisdiction to hear the matter").

another location. *Id.* at 1042. The carjackers took the petitioner's military identification. *Id.* A year later, the petitioner received anonymous threatening phone calls and letters. *Id.* Based on these facts, the petitioner contended that he had suffered past persecution "because of his military career and the Peruvian government's inability to control the activities of traffickers and guerrillas." *Id.* The IJ and BIA held that the petitioner failed to meet his burden. *Id.* On appeal, we held that, because the carjackers and persons making the threatening calls were not identified, we could not conclude that the carjacking was an act of persecution. *Id.* at 1043. Moreover, it could not be determined that the acts were made by persons that the government was unwilling or unable to control. *Id.* Therefore, the petitioner did not suffer past persecution. *Id.*

In the present case, the BIA concluded that two anonymous phone calls and two anonymous letters, in the absence of additional proof of the parties responsible and their motives, do not amount to persecution for purposes of granting asylum. In *Meas v. Ashcroft*, we denied a past persecution claim where no harm resulted from mere threats. 363 F.3d 729, 731 (8th Cir. 2004). The petitioner claimed that her children were followed and "one of her daughters received a vague threat" related to her political activities. *Id.* We held that "[a] reasonable fact-finder could conclude . . . that this evidence fell short of showing past persecution [by a political party]." *Id.* Likewise, while not insubstantial, Cubillos's evidence is not so compelling that no reasonable fact finder could fail to find the requisite fear of persecution. The anonymous letters and calls Cubillos received were certainly harassment from some source, but proof of sporadic, anonymous harassment does not establish persecution on the basis of a protected ground. Because the acts were carried out by unidentified persons or entities, Cubillos cannot prove that they were made by the government or persons that the government is unable or unwilling to control. *See Flores-Calderon*, 472 F.3d at 1043. Moreover, because the acts were not severe, they are more properly characterized as mere harassment rather than persecution. *See Krasnopivtsev*, 382 F.3d at 839.

-6-

## 2. *Future Persecution*

An alien who can establish past persecution is entitled to a rebuttable presumption of a well-founded fear of future persecution. 8 C.F.R. § 1208.13(b)(1). Because we have held that Cubillos did not establish past persecution, he is not entitled to that presumption. *See supra* Part II.A.1. Therefore, Cubillos "must show both that he actually fears persecution and that a reasonable person in [his] position would fear persecution if returned to [his] native country." *Suprun v. Gonzales*, 442 F.3d 1078, 1081 (8th Cir. 2006) (internal quotations and citations omitted). In other words, "[t]he applicant's fear of persecution must be both subjectively genuine and objectively reasonable." *Celaj v. Gonzales*, 468 F.3d 1094, 1097 (8th Cir. 2006). Cubillos only put forth the two anonymous letters and two phone calls received over a four-year period as evidence of persecution for his past political activity in the Radical Change Party. This evidence, without more, does not show that a reasonable person in Cubillos's position would fear future persecution. Moreover, Cubillos's claim of future persecution must fail because he cannot show a nexus between the anonymous calls and letters and his membership in a political party. *See Ming Ming Wijono v. Gonzales*, 439 F.3d 868, 873 (8th Cir. 2006) (holding that anti-Chinese statements made during attacks against the petitioner were "insufficient to establish a nexus between the attacks and a protected ground"). Therefore, Cubillos cannot establish a well-founded fear of future persecution and his asylum claim must fail.

## B. *Withholding of Removal*

Cubillos also renews his application for withholding of removal. To qualify for withholding of removal, Cubillos must show a "clear probability" of persecution in Colombia. The "clear probability" standard is more rigorous than the "well-founded fear" standard for asylum. *See Yacoub v. I.N.S.*, 999 F.2d 1296, 1298 (8th Cir. 1993). Failure to satisfy the lower standard of proof required to establish eligibility for asylum necessarily results in a failure to demonstrate eligibility for withholding of removal. *Rucu-Roberti v. I.N.S.*, 177 F.3d 669, 670 (8th Cir. 1999). Because we have held that Cubillos did not prove a well-founded fear of persecution, we now hold that

he has not proven a clear probability of persecution.[7] Therefore, his withholding of removal claim must fail.

## C. *Scope of Review*

Cubillos argues that the BIA erroneously set aside the IJ's finding of persecution and exceeded its authority by engaging in fact finding. 8 C.F.R. § 1003.1(d)(3)(iv). These arguments are without merit.

Cubillos testified that he received two phone calls in 1999 demanding money and two written letters in 2003. On appeal, the BIA accepted this evidence as credible but held that Cubillos had not established a fear of persecution. The BIA made this determination as a matter of law. 8 C.F.R. § 1003.1(d)(3)(ii) (stating expressly that "[t]he [BIA] may review questions of law").

Cubillos further asserts that the BIA improperly replaced the IJ's findings with its own findings. In actuality, the BIA accepted the IJ's findings of fact but held that these findings did not amount to persecution. The regulations expressly state that

> [t]he clearly erroneous standard does not apply to determinations of matters of law, nor to the application of legal standards, in the exercise of judgment or discretion. This includes judgments as to whether the facts established by a particular alien amount to past persecution or a well-founded fear of future persecution.

---

[7]Although Cubillos makes reference to CAT relief in his opening brief, he did not develop this argument. Therefore, we deem it waived. *See Hasalla v. Ashcroft*, 367 F.3d 799, 805 (8th Cir. 2004). Moreover, even on the merits, Cubillos's CAT claim would fail because failure to satisfy the asylum standard is strong evidence of a failure to satisfy the standard for CAT relief. *See Zakirov v. Ashcroft*, 384 F.3d 541, 547 (8th Cir. 2004).

Board of Immigration Appeals: Procedural Reforms to Improve Case Management, 67 Fed. Reg. 54878, 54890 (Aug. 26, 2002) (internal quotations omitted). The BIA made a legal conclusion as to whether the record facts established persecution. Therefore, the BIA did not exceed its authority.

### III. *Conclusion*

Based on the administrative record, we hold that substantial evidence supports the BIA's decision. Accordingly, we deny Cubillos's petition for review.

_____