Hidavat v. Holder

BIA
Lamb, IJ
A098 477 466

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 11th day of July, two thousand eleven.

PRESENT:
>PIERRE N. LEVAL,  
>JOSÉ A. CABRANES,  
>ROBERT D. SACK,  
>>*Circuit Judges*.

_____

TONNY HIDAVAT,
>*Petitioner*,

    v.

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
>*Respondent*.

10-1079-ag  
NAC

_____

FOR PETITIONER:      Ronald S. Salomon, New York, New York.

FOR RESPONDENT:      Tony West, Assistant Attorney General; Ernesto H. Molina, Jr., Assistant Director; Drew C. Brinkman, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Tonny Hidavat, a native and citizen of Indonesia, seeks review of a February 26, 2010, order of the BIA affirming the May 18, 2006, decision of Immigration Judge ("IJ") Elizabeth Lamb, which denied his applications for asylum, withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Tonny Hidavat*, No. A098 477 466 (B.I.A. Feb. 26, 2010), *aff'g* No. A098 477 466 (Immig. Ct. N.Y. City May 18, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by both BIA decisions. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

The agency reasonably determined that Hidavat failed to demonstrate past persecution or a well-founded fear of future persecution. As the agency found, the incidents Hidavat described - being robbed at knife point on two

2

separate occasions - were insufficiently severe to constitute persecution. *See Ivanishvili v. U.S. Dep't of Justice*, 433 F.3d 332, 341 (2d Cir. 2006) (in order for harm to constitute persecution, it must be sufficiently severe, rising above "mere harassment"). Moreover, even if Hidavat had suffered harm severe enough to constitute persecution, there is no evidence to suggest that it was on account of a statutorily protected ground, as Hidavat presented no evidence to show that the robbers had any motive other than monetary gain. *See* 8 U.S.C. § 1101(a)(42).

Because Hidavat did not establish past persecution, he is not entitled to a presumption of future persecution. *See* 8 C.F.R. § 208.13(b)(1). Although Hidavat argues, independent from his claim of past persecution, a well-founded fear of future persecution, based on a pattern and practice of persecution of ethnic Chinese Christians, *see* 8 C.F.R. § 208.13(b)(2) (providing that an applicant for asylum shall not be required to show that he will be singled out individually for persecution if he establishes that there is a pattern or practice of persecution of a group of similarly situated persons); *Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir. 2007), substantial evidence supports the BIA's

3

determination that Hidavat did not establish this pattern or practice in Indonesia, *see Santoso v. Holder*, 580 F.3d 110 (2d Cir. 2009). Furthermore, Hidavat's contention that the BIA engaged in improper fact-finding in determining that there was no pattern or practice is without merit, as the BIA merely applied the legal standard as to what constitutes a "pattern or practice" to the evidence in Hidavat's case. *See* 8 C.F.R. § 1003.1(d)(3)(ii); *Wallace v. Gonzales*, 463 F.3d 135, 141 (2d Cir. 2006); *see also Cubillos v. Holder*, 565 F.3d 1054, 1058-59 (8th Cir. 2009) (concluding that the BIA did not exceed its authority when it made a legal conclusion as to whether the record facts established persecution).

Because Hidavat did not establish past persecution or a well-founded fear of future persecution, the agency did not err in denying his applications for asylum and withholding of removal. Moreover, because Hidavat's CAT claim was based on the same factual predicate, he similarly failed to meet his burden for that form of relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522-23 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition

4

is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk