# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 10-3512

_____

Felipe Leonel Valiente-Cifuentes;     *
Osmar Rodrigo Valiente-Mazariego,     *
   *
        Petitioners,     *
   *   Petition for Review of
     v.     *   an Order of the Board
   *   of Immigration Appeals.
Eric H. Holder, Jr., Attorney General     *
of the United States,     *    [UNPUBLISHED]
   *
        Respondent.     *

_____

Submitted: June 14, 2011
Filed: August 25, 2011

_____

Before LOKEN, BEAM, and GRUENDER, Circuit Judges.

_____

PER CURIAM.

Felipe Valiente-Cifuentes (Valiente) and his son, natives and citizens of Guatemala, petition for review of an order of the Board of Immigration Appeals (BIA) that affirmed the Immigration Judge's (IJ) denial of asylum and withholding of removal. We deny the petition.

In 1992, Valiente entered the United States without inspection, and his son followed suit approximately eleven years later. In 2005, the government issued Notices to Appear, charging Valiente and his son with removeability. They conceded

removeability but sought relief from removal by applying for asylum and withholding of removal based on Valiente' claim that he was threatened in Guatemala as a result of his work as a military recruiter. Before the IJ, Valiente testified that he served as a recruiter for the Guatemalan army between 1985 and 1990 in San Marcos, Guatemala. Valiente claimed that he received five written death threats during that time, but he could not remember whether the threats were signed. He also testified that unknown individuals sought him out at his house, but he was never present and he did not know why they were looking for him. Valiente explained that, due to such threats, he quit his job as a recruiter and moved to Guatemala City. He remained there for about eighteen months and then moved to another city in Guatemala before entering the United States. Valiente received no threats after he left San Marcos.

The IJ found that Valiente failed to demonstrate past persecution or a well-founded fear of future persecution and denied relief, emphasizing that (1) Valiente did not know the identity of his persecutors; (2) the threats were not accompanied by physical confrontation or harm; (3) he received no threats after he left San Marcos; and (4) Valiente failed to demonstrate a nexus between the threats and his military service. Valiente and his son appealed to the BIA, which affirmed the IJ's decision and dismissed the appeal. The BIA concluded that Valiente failed to demonstrate that his past fear of unknown individuals constituted persecution and that he failed to establish a connection between any alleged persecution and a protected ground–i.e., his political opinion or membership in a particular social group. The BIA also emphasized that some eighteen years had passed since Valiente left Guatemala. Valiente and his son petition this court for review.

Because the BIA essentially adopted the IJ's opinion and added some of its own reasoning, we review both decisions. Khrystotodorov v. Mukasey, 551 F.3d 775, 781 (8th Cir. 2008). We review the agency's determinations regarding asylum and withholding of removal for substantial evidence. Id. Under this "extremely deferential standard of review," we will not disturb the agency's factual findings

"unless any reasonable adjudicator would be compelled to conclude to the contrary." Id. (quotations omitted). To qualify for asylum, an alien bears the burden of establishing that he is a "refugee"–a person who is unwilling or unable to return to his country because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. §§ 1158(b)(1)(A)-(B), 1101(a)(42)(A). If an alien establishes that he suffered past persecution on account of a protected ground, he is entitled to a rebuttable presumption of future persecution. 8 C.F.R. § 1208.13(b)(1). Where an alien fails to establish eligibility for asylum, he cannot meet the more rigorous standard of proof for withholding of removal. Cao v. Gonzales, 442 F.3d 657, 661 (8th Cir. 2006).

Valiente challenges the agency's determination that he failed to demonstrate that the harassment he suffered in Guatemala–multiple written death threats and visits to his house while he was not present–rose to the level of past "persecution." This argument is unconvincing because Valiente suffered no physical harm and he was never physically confronted by the unknown individuals at issue. See Setiadi v. Gonzalez, 437 F.3d 710, 713 (8th Cir. 2006) ("Past persecution does not normally include unfulfilled threats of physical injury."). It may be that "[i]n certain *extreme cases* . . . repeated and especially menacing death threats can constitute a primary part of a past persecution claim, particularly where those threats are combined with confrontation or other mistreatment." Lim v. INS, 224 F.3d 929, 936 (9th Cir. 2000) (emphasis added). But, this is not such an "extreme case," id. (threats, including death threats, constitute past persecution only when they cause significant actual suffering or harm), and, even if it was, Valiente's attempt to demonstrate past persecution fails for other reasons.

Indeed, Valiente wholly failed to identify who was responsible for the threats. He could not recall whether the threats were signed, the threats did not state why they were made, and he did not know who visited his house. As a result, "the [agency]

could not conclude that the [threats were] an act of persecution, rather than a criminal act." Flores-Calderon v. Gonzales, 472 F.3d 1040, 1043 (8th Cir. 2007); see also Menendez-Donis v. Ashcroft, 360 F.3d 915, 917-19 (8th Cir. 2004) (affirming the agency's denial of asylum where there was a "lack of clear evidence as to the identity of [the alien's] attackers or the motives for their attacks"). Moreover, Valiente had the burden of establishing that he was persecuted "by the government or by persons that the government is unwilling or unable to control." Cubillos v. Holder, 565 F.3d 1054, 1057 (8th Cir. 2009) (internal quotation omitted). Because Valiente failed to identify the individuals responsible for the conduct at issue, "it cannot be determined that these acts were perpetrated by persons the government is unwilling or unable to control." Flores-Calderon, 472 F.3d at 1043. Valiente's evidence of past persecution is simply not "so compelling that no reasonable factfinder could arrive at the conclusion reached by the [agency]." Id. (internal quotation omitted).

The agency's determination that Valiente failed to demonstrate a well-founded fear of future persecution is also supported by substantial evidence. Because Valiente failed to demonstrate past persecution, he had the buren of demonstrating that his fear of future persecution is both subjectively and objectively reasonable. Hassan v. Ashcroft, 388 F.3d 661, 666 (8th Cir. 2004). In other words, Valiente "must establish with credible evidence that he genuinely fears persecution and show through credible, direct, and specific evidence that a reasonable person in his position would fear persecution." Id. Again, Valiente's failure to identify those responsible for the threats and visits to his house undermines his claim that he has a well-founded fear of future persecution. See Flores-Calderon, 472 F.3d at 1043; Cubillos, 565 F.3d at 1058. The fact that Valiente received no threats after he relocated to Guatemala City also belies his claim. 8 C.F.R. § 1208.13(b)(2)(ii) ("An applicant does not have a well-founded fear of persecution if the applicant could avoid persecution by relocating to another part of the applicant's country."); Melecio-Saquil v. Ashcroft, 337 F.3d 983, 987-88 (8th Cir. 2003) (explaining that alien's ability to safely relocate within Guatemala following guerillas' threats cuts against finding a well-founded fear of future

persecution). While Valiente may have a subjective fear of persecution, he has failed to demonstrate through "credible, direct, and specific evidence" that such fear is objectively reasonable.

Because Valiente and his son failed to meet the burden of proof for asylum, their claim for withholding of removal necessarily fails as well. Cao, 442 F.3d at 661.

For the foregoing reasons, the petition for review is denied.

_____