# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1426
_____

Xin Yang

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: December 16, 2013
Filed: April 4, 2014 (Corrected April 4, 2014)
[Published]

_____

Before WOLLMAN, LOKEN, and KELLY, Circuit Judges.

_____

PER CURIAM.

Xin Yang, a citizen of China, entered the United States in 1999 and received a Notice to Appear for removal proceedings in August 2009. See 8 U.S.C. §§ 1182(a)(5)(A)(i), (a)(6)(A)(i), (a)(7)(A)(i)(I). In response, Yang applied for asylum, withholding of removal, and relief under the Convention Against Torture, claiming a well-founded fear of religious persecution if she is removed to China

because she recently converted to Christianity and had joined the St. Louis Chinese Baptist Church in August 2009. The Immigration Judge ("IJ") denied relief after a hearing at which Yang was the sole witness. The Board of Immigration Appeals ("BIA") affirmed. Yang petitions for judicial review of the BIA's final order, arguing the IJ violated her right to due process because the Mandarin Chinese interpreter provided at the hearing was incompetent. We deny the petition for review.

## I.

At the hearing, to support her claim of church membership, Yang provided a letter from a friend stating that Yang is "eager to become a Christian." She provided no documentation from the St. Louis Chinese Baptist Church, explaining that it did not keep records and that both the letter's author and the minister had moved away. To support her claim that she feared religious persecution and torture if returned to China, Yang described the experiences of several Christian friends who were questioned, detained, or beaten by government officials in China, in particular, the experience of one friend who was detained, beaten, and interrogated after he was found in possession of a Bible Yang had sent him.

The IJ found that Yang's application for asylum was time-barred; the IJ denied withholding of removal or relief under the Convention Against Torture because Yang failed to demonstrate that she was a member of any Christian church or had converted to Christianity and therefore could not demonstrate that she would be persecuted or tortured in China based on her religion. See §§ 1158(a)(2)(B) (asylum) and 1231(b)(3) (withholding of removal); 8 C.F.R. § 1208.16(c)(2) (Convention Against Torture). The BIA concluded that the IJ's decision "is supported by the record." Reviewing the hearing transcript in detail, the BIA then rejected Yang's claim that she was denied a competent interpreter. The IJ "went to extraordinary lengths to assure the proper translations in this case," the BIA reasoned, and it was clear that

Yang "was allowed to fully present her claim" because "all parties understood to what [she] was referring" in the instances of translation error alleged by Yang on appeal.

## II.

An applicant for relief from removal is entitled to a fair hearing. Yang argues the interpreter services she received at the hearing were so inadequate that she was denied the fair hearing that due process requires. This right "would be meaningless if an immigrant could not understand the proceedings, so the BIA recognizes that due process rights necessarily encompass the right to competent translation." Tun v. Gonzales, 485 F.3d 1014, 1025 (8th Cir. 2007). To prevail on this claim, Yang "must demonstrate both a fundamental procedural error and that the error resulted in prejudice, that is, a showing that the outcome of the proceeding may well have been different had there not been any procedural irregularities." Zheng v. Holder, 698 F.3d 710, 714 (8th Cir. 2012) (quotation marks omitted). Reviewing these issues *de novo*, we conclude Yang failed to prove either a fundamental procedural error or prejudice.

Numerous times during Yang's testimony, her attorney challenged words chosen by the Mandarin interpreter. For example, during Yang's direct exam, the interpreter initially reported the name of the church Yang claimed to attend as the "St. Louis Asian Presbyterian Church." When Counsel objected, the IJ and the interpreter accepted Yang's counsel's interpretation, the "St. Louis Chinese Baptist Church." Later, when Yang testified about the treatment of a friend found in possession of an American Bible Yang had sent him, counsel objected that the interpreter translated "harassed and beaten," instead of "tortured." The interpreter refused to amend his interpretation of Yang's initial response, the IJ permitted counsel to restate the question, and Yang testified that the friend "was physically beaten and to the point where he got, was tortured." On cross exam, government counsel asked a series of questions probing the depth of Yang's religious knowledge and convictions. When Yang answered incorrectly, counsel objected, blaming the interpreter's translations.

The IJ carefully discussed each objection with the attorneys and the interpreter. For example, Yang's attorney objected to the interpreter's translation of "who brought the 10 commandments down from the mountain." When it appeared to the IJ that Yang had not understood the translator, the question was asked again. Yang incorrectly answered, "Jesus."

"Common sense informs us that evidence of improper translation may include direct evidence of mistranslated words, evidence that a witness is unable to understand a translator, or unresponsive answers from a witness." Tun, 485 F.3d at 1030. After careful review of the transcript, we agree with the BIA that Yang did not receive incompetent translation services at the hearing. The IJ carefully addressed each objection to ensure that words were not mistranslated and that Yang was able to understand the questions as translated from English into Mandarin. Yang's testimony, while ultimately unpersuasive, was not illogical or unresponsive, confirming the BIA's conclusion that she "was allowed to fully present her claim." As in Meas v. Ashcroft, Yang's "testimony as a whole was understandable and coherent . . . more important, [Yang] has not explained how she was prejudiced by the alleged deficiencies of the translator." 363 F.3d 729, 730 (8th Cir. 2004). Given the suspicious timing of Yang's alleged conversion to Christianity and her lack of evidence proving that she was a member of the St. Louis Chinese Baptist Church, minor translation errors relating to Baptist religious practices or the Bible or the harassment of Yang's Christian friends in China would not undermine the IJ's decision. At best, Yang has demonstrated "isolated instances of translation errors" that "are not generally a basis for relief if the transcript of a petitioner's testimony as a whole is understandable and coherent." Tun, 485 F.3d at 1030 (quotation marks omitted). Unlike the administrative record we considered in Tun, Yang does not allege, and the record does not reflect, any error other than these translation disagreements. See id. at 1031.

Accordingly, we deny Xin Yang's petition for review.

_____